Dewey, J.
This was an action of debt by Olarlc against Walker on three sealed notes for the payment of money. The declaration alleges that the notes were made by Walker, and were payable to one Dobyns, who by indorsement assigned them to Clark. Among several pleas, which led to issues of fact, Walker pleaded, non-assignment of the notes under oath. On the trial of the cause, the plaintiff produced the notes described in the declaration, on each of which there was a special assignment from Dobyns to the plaintiff. It *having been admitted by the parties that the indorsements were originally in blank, and had been filled up after the filing of the plea, and before’ the replication thereto was put in, the Court, on the objection of the defendant, excluded the notes and assignments from being given in evidence.
This decision can not be sustained. It was competent to the assignee of the notes to fill up the blank indorsements on the trial. Chitt. on Bills, 149. Indeed, it was immaterial whether they were filled up at all or not. We have heretofore decided that a blank indorsement is sufficient, prima facie, to enable the holder of negotiable paper to maintain an action upon it. Bowers v. Trevor, 5 Blackf., 24.
The circumstance that the notes were sealed makes no difference. Such instruments are assignable by indorsement by the statute.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.