Nov. Term, 1843.

GREENHOW
v.
BOYLE.

---

## GREENHOW *v.* BOYLE.

A paper purporting to be a bill of exchange, having a blank for the payee's name, may be filled up at any time by a *bona fide* holder; but until it is so filled up, a suit will not lie on it against the acceptor.

In an action for money had and received, &c., by the drawer against the acceptor of such blank bill, the bill is not sufficient evidence to support the suit.

Nov. Term, 1843.

GREENHOW
v.
BOYLE.

Saturday,
January 20,
1844.

APPEAL from the *Knox* Circuit Court.

SULLIVAN, J.—This was an action of assumpsit, by the appellee against the appellant, on an instrument of writing purporting to be a bill of exchange, by which *Boyle*, the drawer, requested *Greenhow*, the acceptor, to pay to —————— or order 1,000 dollars. The declaration contains four special counts. The first and second are upon bills drawn by the appellee on the appellant payable to *S. N.* and *E. P. Bowman* or order, and accepted by the appellant. The third is on a bill payable to the order of the drawer, also accepted by the appellant. The fourth is on a bill payable to blank and accepted by the appellant. There are also counts for money had and received, money lent and advanced, &c. Plea, non assumpsit. Verdict and judgment for the appellee.

It is admitted by the counsel that, on the trial of the cause, the only evidence offered was an instrument of writing drawn by *Boyle*, and addressed to *Greenhow*, by which the latter was directed to pay to —————— or order 1,000 dollars; that it was accepted by the drawee payable at a bank in *Louisville*, and that it was indorsed *S. N.* and *E. P. Bowman*, and *Robert Mosely*. The appellant objected to the evidence, but the Court overruled the objection.

The only doubt about this case is, whether the paper offered and received in evidence, was admissible under the common counts.

In the imperfect state in which it was when offered, it did not support either of the special counts. If a bill of exchange, or what purports to be a bill of exchange, be issued with a blank for the payee's name, any *bona fide* holder may insert his name, either before or after acceptance, but until the blank be filled up, it is not a bill. *Cruchley* v. *Clarance*, 2 M. & S. 90.—*Crutchly* v. *Mann*, 5 Taunt. 529.—*Atwood* v. *Griffin*, 2 Carr. & P. 368.—*Gibson et al.* v. *Minet et al.* 1 H. Bl. 569.—*Rex* v. *Randall*, Russ. & Ry. Cr. Cas. 195. *Id.* 193. We think it follows, that it was not sufficient evidence to support the common counts. If the paper was no bill, it cannot be made to have the effect of one, so long as it re-

Nov. Term,
1843.

mains incomplete. Generally, an acceptance of a bill of exchange, complete and having the proper parties, is evidence of money had and received by the acceptor to the use of the drawer. But we can find no case in which the principle has been applied to the acceptance of a blank bill.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*S. Judah,* for the appellant.

*J. Whitcomb,* for the appellee.