## DALE *v.* EVANS and Others.

Where a writing in the form of a receipt is the mere acknowledgement of the payment of money, or the delivery of a thing, it is but *prima facie* evidence of the fact; but if it also contain a contract to do something in relation to the thing delivered, in so far as it is evidence of that contract between the parties, it stands upon the footing of all contracts in writing, and cannot be contradicted or varied by parol; except, perhaps, that at law the same circumstances of fraud, mistake, or surprise may be shown to set it aside as might be shown in equity to relieve from a contract.

APPEAL from the *Hamilton* Court of Common Pleas.

HANNA, J.—*Dale* sued the defendants on the following instrument of writing: "Received *July* 22, 1856, of *J. T. Dale*, one hundred and seventy-nine bushels of wheat, to be paid at the market price when called for.—*J. L.* and *W. N. Evans* and *Bauchort;*" and averred that on the 22d of

*January*, 1857, wheat was worth and of the price, &c., of one dollar per bushel, and that he demanded of defendants 179 dollars.

The defendants answered in eight paragraphs. The first was a general, and the second and third special, denials. The other answers set forth, in different forms, this defense, namely, that the wheat was merely deposited with the defendants, and a few days thereafter had been consumed by fire, without their fault; and that the instrument sued on was not, through mistake in the draftsman, made to express the intention and contract of the parties, but that the language and legal effect thereof were different from said contract and intention.

A general denial was filed in reply.

Parol evidence was admitted on the trial, over the objection of the plaintiff, of conversations and statements of the plaintiff, made before the execution of said instrument, as to his intention to deposit his wheat and not to sell the same, and afterwards as to the destruction thereof being his loss, &c. Was the evidence properly received?

Without the averment that there was a mistake, &c., this evidence could not have been received. *Tisloe* v. *Graeter*, 1 Blackf. 353. See Ind. Dig. 441, for citation of cases.

Where a writing, in the form of a receipt, is the mere acknowledgement of the payment of money, or the delivery of a thing, it is but *prima facie* evidence of the fact; but if it also contains a contract to do something in relation to the thing delivered, in so far as it is evidence of that contract between the parties, it stands on the footing of all other contracts in writing, and cannot be contradicted or varied by parol; except, perhaps, that at law the same circumstances of fraud, mistake, or surprise, may be shown to set it aside, as might be shown in equity to relieve from a contract, &c. 1 Greenl. Ev., § 305.

But the question recurs, was the evidence offered legitimate to show such circumstances? We think not. There is no ambiguity in the language used requiring explanation. We should infer that the writing, when plainly

worded, speaks the intention of the parties. The writing should be read by the light of surrounding circumstances, to understand the meaning and intent of the parties, and, if necessary, that far parol evidence might be received; "but, as the parties have constituted the writing to be the only outward and visible expression of their meaning, no other words are to be added to it, nor substituted in its stead." *Id.* 277. And therefore, "all testimony of a previous colloquium between the parties, or of conversation or declarations at the time when it was completed, or afterwards, as it would tend, in many instances, to substitute a new and different contract for the one which was really agreed upon, to the prejudice, possibly, of one of the parties, is rejected." *Id.* 275.

These are salutary rules of evidence, and should not be departed from, even in equity, unless in instances where the evidence offered is clear and unambiguous, and relief should not be extended where the evidence is loose, equivocal, contradictory, or in its texture open to doubt or opposing presumptions. 1 Story's Eq., § 157. But where, in a written instrument, there is a plain mistake clearly made out by satisfactory proofs, relief should be granted. *Ibid.*

The evidence received in the case at bar, was not of that direct and positive character required by the canons of evidence above referred to.

It follows, therefore, that as the testimony offered was improperly received, the motion for a new trial, made by the plaintiff, against whom there was a verdict, should have been sustained.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. Moss,* for the appellant.

*D. C. Chipman,* for the appellees.