Nov. Term, 1860.

TUCKER
v.
TALBOTT.

*B. K. Elliott*, for appellant.

*R. B. Duncan*, for appellee.

------

TUCKER *v.* TALBOTT and Others.

Suit by *A.*, to enjoin the collection of a judgment against himself and *B.*, upon the ground that he was a surety for *B.*, in the note upon which the judgment was rendered, and that he had become such surety in consid-

eration that the payees had, cotemporaneously therewith, agreed, that *B.*, who was then in the employ of one of them, should be continued in such employ until he could, from his earnings, pay said note ; that *B.* had been discharged without cause, &c.

*Held*, that the agreement by which the note was to be paid out of the earnings of *B.*, not being in writing, constituted no part of the contract, and could not be given in evidence to vary its terms.

*Held*, also, that the surety was as much bound by the terms of his contract as was the principal.

Nov. Term, 1860.

TUCKER
v.
TALBOTT.

*Friday,*
*November 30..*

APPEAL from the *Cass* Common Pleas.

WORDEN, J.—*Mitchner Tucker*, the appellant, sued *John M. Talbott, A. A. Hammond, Washington H. Talbott,* and *Joshua Tucker*, alleging, in substance, the following facts, viz : That on *November* 12, 1857, *Joshua Tucker*, one of the defendants, was indebted to the other defendants, for goods before that time sold and delivered, in the sum of $437, for which debt the plaintiff was in no manner liable.

That before that time, said *Joshua* had been in the employment of said *John M. Talbott*, who was post-master at *Indianapolis*, as clerk in said post-office, at a salary of $700 a year. That by an agreement between said *Joshua*, and *John M. Talbott*, $400 of the annual salary of *Joshua*, had been reserved to apply on the indebtedness of *Joshua* to the other defendants ; and that after making such application, there was due from *Joshua*, to the other defendants, on the day above named, said sum of $437. That on that day it was agreed, between the plaintiff and the defendants, that the plaintiff would join in a note with *Joshua*, payable to the other defendants, one day after date, for said sum of $437, and that he and *Joshua* would execute a power of attorney to confess judgment thereon, in consideration that the judgment should, by agreement, stand fifteen months from its date without replevin bail, and without the issuing of an execution thereon, and in consideration that *Joshua* should be continued in his said employment as clerk in the post-office, at a salary of $700, until he could, from his earnings, pay the debt. The note and power of attorney were accordingly executed, and a judgment taken thereon, in the Court below, on *November* 14, 1857. Copies of the note and judgment are set out. The

note is in the usual form, whereby the *Tuckers* agree, jointly and severally, to pay the other defendants, the said sum of money, one day after date. It is ordered on the record, after the entry of the judgment, by the agreement of parties, that ·execution be stayed fifteen months without replevin bail.

The plaintiff avers that his sole object in becoming surety for the payment of the debt, was to enable said *Joshua*, who is the son of the plaintiff, to discharge the debt by his services as such clerk. That the distinct condition upon which he thus bound himself, was, that his son should be retained in his said employment, as such clerk, until from his earnings he could pay the debt; and that he insisted upon a stay of execution for fifteen months, in order that there should be full time for that purpose, to which condition the payees assented.

It is further alleged, that *Joshua* continued in the employment aforesaid, until *August* 19, 1858, when he was discharged by the said *John M. Talbott*, without any just cause; and that the defendants, *Talbott & Co.*, have since that time refused to perform the said contract and condition upon which the plaintiff became surety for the payment of the debt. That up to the time of *Joshua's* discharge, he was entitled to credit on the judgment, for his services, in the sum of $186, for which *Talbott & Co.* gave him receipts to apply thereon. The plaintiff avers that by reason of the breach of the above condition, he is absolved from the payment of the judgment, or any part thereof, being only a surety, and having bound himself only upon the condition aforesaid. Prayer that *Talbott & Co.* be perpetually enjoined from collecting any portion of the judgment from the plaintiff, and for other relief.

To this complaint a demurrer was sustained, and the plaintiff excepted. Judgment for the defendants.

The appellant insists that upon equitable principles, he, being a surety for the principal debtor merely, ought to be discharged from the payment of the judgment, in consequence of the violation by *Talbott & Co.*, of the agreement as to the mode in which it might be paid.

On the other hand, one of the grounds taken by the appellees is, that the appellant is estopped by the confession of the judgment from alleging that he is surety only.

From the view we take of the case, we deem it unnecessary to express any opinion upon this last point. *Vide*, however, as to effect of taking judgment, as effecting the rights of a surety, cases collected in 2 Am. Lead. Ca. pp. 737, 738.

If the plaintiff is entitled to be discharged, it is because, by the original contract between the parties, the payees were to receive payment in the services of *Joshua* as clerk in the post-office, and we may regard the case, for the purpose of determining this question, as if no judgment had been rendered upon the note at all.

Was the oral stipulation, made concurrently with the execution of the note, valid and binding, and does it constitute a part of the contract? It seems to us clearly not. The note, on its face, is for the payment of $437 one day after date. The cotemporaneous verbal agreement set up, as to the manner in which it might be discharged, clearly varies and contradicts the legal effect of the instrument. This, it is clear can not be done. *Burge* v. *Disman*, 5 Blackf. 272. In this case the note was given on the parol condition that it should be given up, on another one being given with surety. This, the Court say, "seems entirely inconsistent with the written promise made by *Fox* and *Burge* to pay a sum of money on a given day. Such a defense is clearly not allowable." So, also, in *Miller* v. *White*, 7 Blackf. 491, it was held that parol evidence is not admissible to show that a promissory note payable on its face on a certain day, was to be paid at that time only on the contingency mentioned in a written contract between the parties made before the execution of the note.

In *McClure* v. *Jeffrey*, 8 Ind. p. 79, the Court lays down the rule in the following terms: "The rule is, that all oral negotiations or stipulations between the parties, which preceded or accompanied the execution of the instrument, are to be regarded as merged in it, and the latter is to be treated as the exclusive medium of ascertaining the agreement to which the parties bound themselves." See, also, *Dale* v. *Evans*, 14 Ind. 288.

We are unable to perceive any good reason why this familiar doctrine is not applicable to the case at bar. Had the

agreement as to the manner in which the note was to be paid, been embodied in the note, or in another instrument in writing so as to make both one entire contract, an entirely different question would have been presented. Here, the makers of the note bound themselves absolutely and unqualifiedly for the payment of the money, and this obligation cannot be controlled by the cotemporaneous verbal agreement set up. The surety, it seems to us, is as much bound by the terms: of his contract, as is the principal.

We are of opinion that the demurrer was properly sustained, and therefore, that the judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed, with costs.

*D. D. Pratt*, for appellant.

*W. Z. Stewart*, for appellees.

(1) Mr. *Pratt*, for appellant, argued : That Courts of Equity will interfere to restrain proceedings on judgments at law, when to enforce such judgments would be inequitable. *Marine Ins. Co.* v. *Hodgson*, 7 Cranch, 336 ; 1 Eden on Injunc. 69 ; 2 Story's Eq. Jur. ; 10 Johns. 588 ; 7 Hill, 250 ; *Fitch* v. *Polke*, 7 Blackf. 564 :

That any act of the creditor which may injure the surety, or any alteration of the agreement, or enlargement of the time of performance, without his assent, discharges the surety. *Ludlow* v. *Simonds*, 2 Caines Cas. Error, 1 ; 2 Bro. Ch. Cas. 579 ; 4 Ves. Jr. 824, 833 ; *Rathbone* v. *Warren*, 10 Johns. 595 ; *Burn* v. *Poaug*, 3 Desau. 604 ; Story's Eq. 321 ; *Pain* v. *Packard*, 13 Johns. 174 ; *King* v. *Baldwin*, 17 Johns. 389. This rule applies though the agreement is made after the debt for which the surety became bound, has passed into judgment. *Bangs* v. *Strong*, 7 Hill, 250. That a surety may apply for aid from the Courts, as soon as he is endangered and need not wait till he has paid the debt. *Taylor* v. *Herriot*, 4 Desau. 227 ; *King* v. *Baldwin*, 17 Johns. 389 ; the surety will be discharged, if the creditor releases any securities he may otherwise have for the payment of the debt. *Smith* v. *Turno*, 1 McCord Ch. Rep. 443 ; *Loop* v. *Summers*, 3 Randolph, 511.

(2) Mr. *Stewart*, for appellees : That a judgment cannot be impeached for want or failure of consideration. *Nelson* v. *Sharp*, 4 Hill, 584 ; *French* v. *Shotwell*, 6 J. Ch. R. 235 ; 2 Cond. R. 519, 520 ; *Cleine* v. *Crump*, 11 Ind. 125.