*G. H. Voss*, for the appellant.

*D. C. Chipman* and *S. Maker*, for the appellees.

May Term, 1861.

MOORE
v.
PENDLETON.

---

## MOORE *v.* PENDLETON and Others.

If the principal receives and holds the proceeds, or beneficial results, of the contract of his agent, he will be estopped from denying an original authority, or a ratification.

It is not necessary, in order to a valid contract for the sale of land by an agent, that an instrument in writing, empowering him to sell the land, should be acknowledged by the principal and recorded in the recorder's office of the county where the land lies.

A cotemporaneous parol agreement can not be set up to vary the legal effect of a written instrument.

Where the indorsee of a promissory note alleges, in his complaint, that the note was indorsed to him by the payee, and sets out a copy of the note, with a blank indorsement, he may, on the trial, fill up the indorsement, or may recover without filling it up.

APPEAL from the *Jackson* Common Pleas.

WORDEN, J.—Action by the appellees against *Moore*, upon promissory notes made by him to one *Henry B. Hill*, and by *Hill* indorsed to the plaintiffs.

Monday,
June 17.

The defendant answered in three paragraphs, to which demurrers were sustained, and exceptions taken. Final judgment for the plaintiffs.

The first paragraph alleges, in substance, that the notes were given for certain lands, which one *Hiram Prather*, as the pretended agent of *Hill*, the payee, agreed to sell to the

May Term, · defendant.  The agreement was in writing, and is set out as
1861.          follows, viz.,

MOORE
v.
PENDLETON.

"I, *Henry B. Hill*, by *Hiram Prather*, this day have
sold to *Lemuel Moore*, of *Jackson* county, *Indiana*, the
southwest quarter, &c., [here follows a full description of the
land,] for the sum of $1,300, to be paid as follows: $200 to
be paid in two months from this date; $200 *December* 25th
next;· the balance in 12 and 18 months; all to bear interest
from date, until paid.  All of which is set forth by notes,
bearing date herewith, for the several sums as above.  It is
expressly understood that said *Moore* shall not remove any
timber from said land, until the first payment shall be made,
unless ample security be given said *Hill* for the indemnity
of the same.

"Given under my hand and seal, *May* 25, 1857.  Signed
in duplicate.

"HIRAM PRATHER,

"for H. B. HILL,  { SEAL. }

"LEMUEL MOORE,  { SEAL. }"

The notes sued on were the second and third mentioned in
the agreement.  It is averred that *Prather* had no legal au-
thority whatever to contract on behalf of *Hill*, but in this
respect practiced a fraud upon the defendant.

This paragraph was bad, as we think, because although
*Prather's* acts may have been without the authority of *Hill*,
yet the reception of the notes by *Hill*, and his indorsement
thereof to the plaintiff, was a ratification of his acts, and
made the contract binding upon *Hill*.  "Generally, if the
principal receive and hold the proceeds, or beneficial results,
of the contract, he will be estopped from denying an original
authority, or a ratification."  1 Parsons on Cont., p. 46.

The second paragraph alleges, in substance, that *Hill*· had
not made to *Prather* a power of attorney, or other instru-
ment in writing, empowering him to sell said land, duly
acknowledged, and recorded in the recorder's office of *Jack-
son* county, where the land is situated.

It was not necessary, in order to a valid contract for the *sale* of the land, that any such instrument should be acknowledged and recorded. This paragraph is very clearly bad.

The third paragraph alleges, that at the time of the agreement, *Hill*, by his agent, promised the defendant to execute to him a deed for said land, and have the same left in the hands of *Thomas L. Ewing*, to be delivered to the defendant upon the payment of the first note. That although the note specified had been paid, the deed had not been executed and delivered.

This paragraph is bad, because it undertakes to set up a cotemporaneous verbal agreement to vary the legal effect of the written instrument. *Tucker* v. *Talbott*, 15 Ind. 114. The written agreement set out, would not bind *Hill* to make the conveyance of the land until the purchase money was all paid, or tendered; and its legal effect, in this respect, can not be controlled by the verbal agreement alleged to have been made.

The indorsement of the notes by *Hill* to the plaintiffs, was in blank, and it is objected that the complaint is insufficient, in not alleging that the plaintiffs were the owners thereof.

The complaint alleges that *Hill* indorsed the notes to the plaintiffs; and the notes, with *Hill's* blank indorsement thereon, are set out. This we deem amply sufficient. The blank indorsement was sufficient to vest the title in the plaintiffs, and the blank might have been filled up, on the trial; or, the plaintiffs might recover without filling up at all. *Clark* v. *Walker*, 6 Blackf. 82; *Bowers* v. *Headen*, 4 Ind. 318.

*Per Curiam.*—The judgment below is affirmed, with 5 per cent. damages and costs.

*C. L. Dunham*, for the appellant.

*H. C. Newcomb* and *John Tarkington*, for the appellees.