RICH ET AL. *v.* STARBUCK.

PROMISSORY NOTE.—*Name of Payee.*—Where a bill or note is payable otherwise than to the bearer, there being no blank left for the name of the payee, it must contain the name of the payee.

SAME.—Where a blank is left in a bill or note for the name of the payee, there is an implied authority to the holder to fill up the instrument and make it in fact what it was designed to be. If made payable in blank, the person to whom it is negotiated may fill up by inserting his own name; if made payable to the order of the person who shall thereafter indorse it, it is negotiable without any alteration, and may be transferred by indorsement.

SAME.—Where a promissory note, not payable to bearer, does not contain the name of a payee, but has a blank therefor, if suit be brought on it by a person who alleges and proves that it was delivered to him by the principal maker, and that he then was and still is the legal owner and *bona fide* holder thereof, he will be entitled to recover.

From the Wayne Common Pleas.

*I. B. Morris,* for appellants.

*W. A. Bickle,* for appellee.

BUSKIRK, J.—The question presented in the record is, whether the instrument which is the foundation of the action was so far executed as to permit the appellee to maintain an action thereon in his own name as bearer and *bona fide* holder.

The instrument sued upon is as follows:

"$655.00.          UNION CITY, INDIANA, Feb. 5th, 1870.

"Ninety days after date we jointly and severally promise to pay to the order of ——————, at the First National Bank of Union City, six hundred and fifty-five dollars, without any relief whatever from valuation or appraisement laws, and if not paid when due, the drawers and indorsers waive protest, and if suit be instituted, promise to pay all attorneys' fees and the cost and charges for collection thereof, with ten per cent. interest after maturity, payable quarterly on note or judgment till paid, value received, with ten per cent. interest from date.

[U. S. Stamp, 35 cents.]          "DANIEL C. RICH.
          "WILLIAM C. RICH."

The complaint alleges that the defendants, on the 5th day of February, 1870, by their promissory note, which is herewith filed, promised to pay, ninety days after the date thereof, to the said Edward Starbuck, to whom said note was deliv-

ered, and who is and always has been the legal owner and the *bona fide* holder of said note, six hundred and fifty-five dollars, etc.

There was issue, trial by the court, finding for appellee, and, over a motion for a new trial, judgment on the finding.

The appellants have assigned for error:

1. That the complaint does not state facts sufficient to constitute a cause of action.

2. That the court erred in overruling a motion in arrest of judgment.

3. That the court erred in overruling a motion for a new trial.

The evidence is not in the record, but there is a bill of exceptions showing that when the note above set out was offered in evidence, the appellants objected, upon the ground of variance between the note described in the complaint and the note offered in evidence, the note offered in evidence not being payable to Edward Starbuck; but the court, upon proof of the execution of the note and its delivery to Edward Starbuck by Daniel Rich (who was the principal in the note), overruled the objection and permitted the note to be read in evidence, to which ruling the appellants excepted.

There is but one question presented by the three assignments of error, and that is, whether the appellee is entitled to recover upon the note, there being no payee named therein and the note not being payable to bearer, upon proof that the note was delivered to the appellee by the principal, and that he then was and always had been the legal owner and *bona fide* holder of such note.

It is settled by all the elementary writers and a large number of adjudged cases, that where a bill or note is payable otherwise than to the bearer, there being no blank left for the name of the payee, it must contain the name of the payee. Chitty on Bills, 233; Byles on Bills, 4; 3 Kent Com. 73; Parsons Mer. Law, 88 and 89; 2 Parsons on Bills, 34; Story on Bills, sections 33–35; Bayley on Bills, 22; Edwards on Bills, 95; *Greenhow* v. *Boyle*, 7 Blackf. 56; *Moore* v.

*Alexander*, 8 Ind. 18; *Drake* v. *Markle*, 21 Ind. 434; *Wilson* v. *Kinsey*, 49 Ind. 35.

It is equally as well settled by the foregoing authorities and many adjudged cases cited therein, that where a blank is left in a bill or note for the name of the payee, there is an implied authority to the holder to fill up the instrument, and make it in fact what it was designed to be. If made payable in blank, the person to whom it is negotiated may fill up by inserting his own name; if made payable to the order of the person who shall thereafter indorse it, it is negotiable without any alteration, and may be transferred by indorsement.

The appellee might have rendered the note perfect and complete by inserting his name in the blank left therein; but instead of doing that, he brought suit in his own name on the note, and alleged that it was delivered to him by the principal maker, and that he then was and always had been the legal owner and *bona fide* holder thereof, and was permitted to prove these averments upon the trial; and the question we are required to decide is, whether the appellee is, upon the averments in the complaint and the facts proved upon the trial, entitled to recover.

In *Greenhow* v. *Boyle, supra,* the action was upon a bill with a blank for the payee's name, and it was held that the action could not be sustained thereon, and that it was not admissible in evidence. But in that case there was no averment and no proof in reference to the delivery and ownership of the note, as there are in the present case.

It has been decided in several well considered cases, that an instrument, purporting to be a bill of exchange, which does not direct to whom the money is payable, may be the foundation of a suit in the name of the person from whom the consideration moved, and to whom it was delivered by the drawer, and that parol evidence is admissible to show from whom the consideration moved, to whom the note was delivered, and that such person is the legal owner and *bona fide* holder; but that an action cannot be main-

tained thereon by a third person as bearer.    *Prewitt* v. *Chapman*, 6 Ala. 86; *Douglass* v. *Wilkeson*, 6 Wend. 637; *The United States* v. *White*, 2 Hill, 59; *Brown* v. *Gilman*, 13 Mass. 158.

The principle upon which such ruling is based is, that the intention of the parties is to govern, and when that is apparent from the face of the bill itself, or by proof of extraneous facts, effect will be given to such intention.

It is settled by repeated decisions of this court, that a blank endorsement is sufficient to entitle a *bona fide* holder to sustain a suit in his own name against the maker; that after plea of non-assignment, or even at the trial, he may fill up the blank endorsement; and, indeed, it is immaterial whether the endorsement be filled up at all or not.    *Bowers* v. *Trevor*, 5 Blackf. 24; *Clark* v. *Walker*, 6 Blackf. 82; *Bowers* v. *Headen*, 4 Ind. 318; *Ferry* v. *Jones*, 10 Ind. 226; *Moore* v. *Pendleton*, 16 Ind. 481.

These cases cannot, in principle, be distinguished from those above cited, holding that an action by the person to whom a bill with a blank for the name of the payee has been delivered may be maintained upon proof of the delivery and ownership of the bill.    This will be in harmony with the system of jurisprudence established by our code, which requires an action to be brought in the name of the real party in interest.

We think the complaint is sufficient, and that the court committed no error in hearing parol evidence and admitting the note in evidence.

The judgment is affirmed, with costs.