Harding *v.* The State.

---

### HARDING *v.* THE STATE.

CRIMINAL LAW.—*Forgery.*—*Indictment.*—An indictment for forgery may be predicated upon the unlawful and felonious publishing and uttering as true, with knowledge of its character and intent to defraud, of a written instrument for the payment of money, which embraces all the usual parts of a promissory note except the naming therein of a payee.

SAME.—*Erroneous Designation of Writing.*—An indictment for forgery, based upon, and setting out therein a copy of, such written instrument, with the proper allegations as to the acts constituting the crime, is not invalidated by the fact that such instrument is therein erroneously designated as to its commercial title or character.

SAME.—*Evidence.*—Upon the trial of a defendant indicted for forgery, there is no error in the admission in evidence, with the forged instrument alleged to have been uttered, of other forged writings uttered by the defendant in connection with the perpetration of the crime charged.

SAME.—*Admissions.*—Admissions by a defendant in a criminal action, made by him, while under arrest for the crime charged, voluntarily, and not induced by fear, force, threats or promises, are admissible in evidence against him on the trial of such cause.

From the Decatur Circuit Court.

*J. S. Scobey,* for appellant.

*O. B. Scobey,* Prosecuting Attorney, and *C. A. Buskirk,* Attorney General, for the State.

HOWK, J.—The appellant was indicted for forgery in the court below, the indictment containing two counts. There was a motion by appellant to quash the indictment,

which motion was overruled by the court below, and to this decision appellant excepted. And appellant having been arraigned, for plea to such indictment, said that he was not guilty. And the cause was submitted to the court for trial, without a jury; and the court found the appellant not guilty of the felony charged in the first count of the indictment, and that he was guilty of the felony charged in the second count of the indictment, and thereon assessed his punishment at imprisonment at hard labor, for two years, in the state-prison, etc.

Appellant, on written cause filed, moved the court below for a new trial, which motion was overruled by the court, and appellant excepted to this decision. Appellant then moved the court below in writing in arrest of judgment, and this motion was overruled by the court, and an exception was saved by the appellant to this ruling, and judgment was rendered by the court below on its finding, from which this appeal is now prosecuted.

In this court the appellant has assigned the following alleged errors:

1. In overruling the appellant's motion to quash the indictment;

2. In overruling appellant's motion for a new trial; and,

3. In overruling appellant's motion in arrest of judgment, and rendering final judgment against him.

The first and third of these alleged errors may be considered together; for they present substantially the same question, to wit, the sufficiency in law of the second count of the indictment. As there was a finding of not guilty as to the first count of the indictment, it may be considered as out of the case. Omitting the introductory and merely formal parts of the second count of the indictment, it charged, in substance, that on the 15th day of December, A. D. 1876, at and in the county of Decatur, and State of Indiana, the appellant did then and there unlawfully, knowingly and feloniously forge and counterfeit, and in the manner aforesaid caused to be forged and counter-

feited, a certain promissory note for the payment of money, viz. :

"$160.00. GREENSBURGH, IND., Dec. 15th, 1876.

"Ninety days after date, we or either of us promise to pay to the order of ——, one hundred and sixty $\frac{00}{100}$ dollars negotiable and payable at the Citizens National Bank of Greensburgh, in the State of Indiana, value received, without relief from valuation or appraisement laws, with ten per cent. interest from maturity, payable annually, compounded if not paid when due, with five per cent. attorneys' fees. Extension of time after maturity, with or without consideration, will not release sureties on this note. Protest waived by drawers and endorsers.

"No. 8483.                    "ISRAEL HARDING,
"Due March 14th, 187-.        "JOEL COLSON,
                              "HENRY SCHRŒDER;"

in this, that he did, at the time and place and in the manner aforesaid, forge, counterfeit and cause to be forged and counterfeited, the names Joel Colson and Henry Schrœder to and on said note, with the intent to cheat and defraud the Citizens National Bank of Greensburgh, Indiana, and did then and there unlawfully, feloniously and well knowing the same to be false, forged and counterfeited, utter and publish, as true and genuine, said promissory note aforesaid, signed with the names of Joel Colson and Henry Schrœder aforesaid, with the felonious intent to cheat and defraud said Citizens National Bank of Greensburgh, Indiana, as aforesaid.

The felony, with the commission of which appellant was charged in and by this second count of the indictment, is defined in the thirtieth section of the act defining felonies, and prescribing punishment therefor, approved June 10th, 1852. This section is as follows :

"SEC. 30. Every person who shall falsely make or assist to make, deface, destroy, alter, forge or counterfeit, or cause to be falsely made, defaced, destroyed, altered, forged or counterfeited, any record, deed, will, codicil, bond,

writing obligatory, bill of exchange, promissory note for the payment of money or property, bank-note, post-note, receipt for money or property, power of attorney, certificate of a justice of the peace, or other public officer, auditor's warrant, treasury note, county order, acceptance or indorsement of any bill of exchange, promissory note, draft, or order, or assignment of any bond, writing obligatory or promissory note for money or property, or any order, or draft, for the payment of money, or property; or any other instrument in writing, or any lawful brand on a tobacco, beef, bacon, or pork cask, lard keg or barrel, salt barrel, or hay bale, or any person who shall utter, or publish as true, any such instrument, knowing the same to be false, defaced, altered, forged, or counterfeited, with intent to defraud any person, body politic or corporate, shall be deemed guilty of forgery." 2 R. S. 1876, p. 439.

It will be observed that two distinct felonies are defined in this thirtieth section, both of which are denominated forgery. The one is the falsely making, etc., any of the instruments mentioned in the section, with intent, etc.; and the other is the uttering, or publishing as true, any such instrument, knowing the same to be false, etc., with intent, etc. It is the latter or second felony, the appellant is charged with in this case, in the second count of the indictment.

The first and indeed the only serious objection urged by appellant's counsel to the second count of the indictment is, that the instrument of writing, called a promissory note and set out in the indictment, is not a promissory note, within the meaning of the law, on which an indictment for the forgery of a promissory note could be predicated. Ordinarily, a promissory note may be defined to be a written promise, made by a certain person, to pay a certain sum of money, at a certain time, to a certain person. But if there should be a blank space left for the name of the payee, in a written instrument which has all the other requisites of a promissory note, such an

instrument may well be termed a promissory note; and, in our opinion, such an instrument would be properly described as a promissory note, even in an indictment for forgery of such instrument. In writing of the essential elements of a negotiable promissory note, and of this subject of certainty as to the payee, Parsons used this language: " So the name of the payee may be left blank, and this will authorize any *bona fide* holder to insert his own name." 1 Parsons Notes and Bills, 33. In *Green-how* v. *Boyle*, 7 Blackf. 56, it was held by this court, that " if a bill of exchange, or what purports to be a bill of exchange, be issued with a blank for the payee's name, any *bona fide* holder may insert his name, either before or after acceptance, * * *." And this was also held by this court, in relation to promissory notes, in the case of *Rich* v. *Starbuck*, 51 Ind. 87.

In our opinion, in the case at bar, the instrument of writing, for the alleged forgery of which the appellant was indicted, was correctly described in the second count of the indictment as a promissory note. But, if we were in error in holding as we do, that the instrument of writing set out in the indictment was properly described therein as a promissory note, a contrary decision would be of no benefit to the appellant. The argument of appellant's counsel is this: appellant was indicted for forging a promissory note; it appears upon the face of the indictment, that the instrument forged was not a promissory note, and therefore, his conclusion is, the indictment was insufficient and ought to have been quashed. But, from our stand-point, the argument is unsound and illogical. In our view of the case, appellant was indicted for forging a certain instrument, which is set out in the indictment; we look to the copy of the instrument, and not to the name which may be given the instrument, to determine whether or not the instrument appears on its face to be of such a character, that a charge of forgery could be predicated thereon. When we find, as we do in this case,

that the indictment charges the forgery of an instrument, which appears on its face, from the copy thereof set out in the indictment, to be naturally calculated to have some effect,—we can not hold, in such a case, as appellant's learned attorney seems to think we should, that the indictment was radically and fatally defective, merely for the reason that the prosecuting attorney, in drafting the indictment, had applied to the instrument in question a name which, technically speaking, might not be the proper name. *Reed* v. *The State*, 28 Ind. 396. In this case, " the offence charged is stated with such a degree of certainty, that the court may pronounce judgment upon a conviction, according to the right of the case." Where such is the case, and no other objection is made to the indictment than is here made, we are bound by the express terms of the sixtieth section of our statute, in relation to practice and pleadings in criminal actions, to hold that the indictment is sufficient. 2 R. S. 1876, p. 385, sec. 60, clause fifth. It is also provided, in the sixty-first section of the same statute, that no indictment shall be quashed for any " defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits." 2 R. S. 1876, p. 386, sec. 61, clause seventh. It can not be said, with any degree of accuracy, in this case, that the mere misnomer of the instrument forged, if it be conceded that there was a misnomer, where a copy of the instrument in question is set out in the indictment, could possibly tend to the prejudice of appellant's substantial rights upon the merits.

We hold, therefore, that the court below committed no error in overruling either appellant's motion to quash the indictment or his motion in arrest of judgment.

The second and only remaining alleged error of the court below, was the overruling of appellant's motion for a new trial. The causes assigned for such new trial, in appellant's motion, were the following:

1. Error of the court below in overruling appellant's motion to quash the indictment;

2. Error of the court below, on the trial, in allowing the evidence in the exhibits marked " B." and " C." to be offered in evidence, and the evidence connected therewith;

3. The court below erred in allowing the evidence of William H. Harvey, as to appellant's admissions, made when he was under arrest and in custody of the officer on this charge;

4. The finding of the court below was contrary to and not supported by the evidence; and,

5. The finding of the court below was contrary to law.

We have already said all that need be said in relation to the alleged error of the court below, in overruling appellant's motion to quash the indictment. There was no error in that decision. The questions presented for our consideration, by the alleged error of the court below in overruling appellant's motion for a new trial, are not insisted on by his learned counsel, with much zeal or much confidence. We will briefly notice the points made by counsel under this alleged error. It is said that the court erred in admitting in evidence the papers marked " B." and " C.;" but these papers seem to us to be a part of the same transaction, upon which the charge of forgery was predicated, and we are unable to see how the admission of these papers in evidence could possibly prejudice appellant's cause. Samuel Christy, the cashier of the Citizens National Bank of Greensburgh, Indiana, testified on the trial that appellant applied to the bank for a loan of one hundred and sixty dollars, asking if he could get the loan, with Mr. Colson and Mr. Schrœder on the note with him. He was answered in the affirmative, and a blank note was filled out for him to take and get the signatures, which note he took away with him. On December 22d, 1876, appellant brought the note back to the bank, with the signatures as they then appeared upon it. Appellant got one hundred and fifty-five dollars and five

cents on the note, the face of the note less the discount. On the same day, appellant wanted to increase the loan to two hundred dollars, and to that end he procured and offered to the bank the paper marked " C." and admitted in evidence. This paper was dated December 22d, 1876, and was in these words,—" Mr. Christy : Mr. Harding wants two hundred dollars, and you can let him have that sum of money,"—and was signed by the names of Joel Colson, Henry Schrœder and Israel Harding. The bank declined to increase the loan on that paper, evidently because it did not contain the stipulations and waivers contained in their printed notes; for the cashier told the appellant, that if he would get a new note for two hundred dollars, properly signed, he, the cashier, would give up to appellant the note for one hundred and sixty dollars and pay him the balance of the two hundred dollars in money. Appellant said the same parties would sign the two hundred dollar note, and the cashier then filled up a new note for two hundred dollars, dating it a few days ahead so as to give him time to get the signatures, and he took this new note away with him. A few days afterwards, appellant returned this new note for two hundred dollars, with the signatures attached, to the bank, and proposed to take up the one hundred and sixty dollar note, and the balance of the two hundred dollar note he wanted in money, but the bank paid him no money. This two hundred dollar note was the paper marked " B." It seems to us that these two papers, marked " B " and " C," were so closely connected with the original transaction, on which the charge of forgery in this case was founded, that the court below committed no error in admitting them in evidence.

It is also said that the court below erred in admitting the testimony of Wm. H. Harvey, as to appellant's admissions, made when he was under arrest and in the custody of the officer on this charge. Harvey testified that he was book-keeper of the bank, and went with the

Harding *v.* The State.

officers to arrest the appellant; that after he was arrested and while in custody, appellant told him, in answer to a question, that he, appellant, had in his possession one hundred and nine dollars of the money which he got from the bank on the note, which money he paid over to the witness; and that, in the same conversation, appellant said, in speaking of forging names to paper to get money, he had done wrong and was sorry for it. These admissions of the appellant were admitted in evidence by the court below, over appellant's objection, and an exception was saved to this decision. These admissions seem to have been freely and voluntarily made by the appellant. They were not procured by threats, by force, by promises or by any inducements held out by the appellant. In our opinion, the court below did not err in admitting in evidence these statements or admissions of the appellant.

Appellant also claims that he should have had a new trial of this cause, because the finding of the court below was not sustained by sufficient evidence, and was contrary to law. We have carefully read the evidence on the trial of this cause, and we regret that we are compelled to say that this evidence demonstrated with almost mathematical certainty appellant's guilt of the felony wherewith he stood charged. It appeared in evidence that the appellant was a young man, and had always borne a good reputation in the neighborhood in which he lived, up to the time of the commission of this offence. The case is therefore a sad one, and illustrates again the truth of what was said of old, "the way of the transgressor is hard."

In our opinion there was no error in the overruling by the court below of appellant's motion for a new trial.

The judgment of the court below is affirmed, at appellant's costs.