EMMONS ET AL. *v.* CARPENTER

From the Fountain Circuit Court.

*M. Milford,* for appellants.

*J. H. Valiva, H. H. Stilwell* and *T. L. Stilwell,* for appellee.

PER CURIAM.—A majority of the court hold that this case is .the same in principle as the case of *Emmons* v. *Meeker, ante,* p. 321, decided at the present term.

The judgment is therefore reversed as to the appellants. Cause remanded for further proceedings.

BIDDLE, J., dissented, and delivered the following opinion:

Suit on a promissory note made by Elkanah Clark, John Emmons and Tellmachus Odell, payable to the order of Daniel Carpenter, twelve months after date, dated September 19th, 1873, for eleven hundred dollars, with ten per cent. interest. Emmons and Odell, each, separately answered the complaint:

1st.  General denial;

2d.  *Non est factum,* verified; and,

3d.  *Non est factum,* stating the particulars, namely, "that he signed the said instrument in the month of March, 1874. That since this defendant signed the said instrument, the same has been materially altered, without the knowledge or consent of this defendant, in this, to wit: The following words and figures have been placed in said instrument, viz.: 'September 19th, 1873.' And this defendant prays," etc.

The third paragraph was stricken out on motion, and exceptions reserved. There is no error in this ruling. The second paragraph is the same in legal effect as the third. The same evidence could be given under either.

William W. Ennis, administrator of the estate of Elkanah Clark, deceased, who was also sued and served with

process, made default.   No question as to him is presented in the record.

The court overruled a motion to continue the cause, founded on affidavit stating that the appellants could prove by an absent witness, Joseph Poole, that Clark, one of the makers of said note, handed the note, signed by all the makers, but without date, to the witness, Poole, and directed him to insert the date of " September 19th, 1873," as it stands in the note.   The affidavit, if sufficient in all other respects, is insufficient in not stating that Clark, their co-maker of the note, was not authorized by the other makers to have the ·date inserted as it appears in the note.   The note having been signed by all the makers, with a blank left for the date, carried upon its face the presumptive authority to fill the blank with the proper date, as agreed upon by the parties.   *Webb* v. *Baird*, 27 Ind. 368.   This presumption is not negatived in the affidavit.   All the facts stated in it may be true, if such authority was given, and the defendant not injured in the least thereby.   It is therefore insufficient, and the court committed no error ·in overruling the motion for a continuance founded upon it.

A trial by the court was had on. the issues made by Emmons and Odell, and a finding in favor of the appellee, for the amount of the note.   By a motion for a new trial, the appellants raised the question of the sufficiency of the evidence to sustain the finding of the court, which is the only remaining question presented for our consideration.

The evidence proves the following facts, and which, I believe, are not essentially disputed by the appellants, viz.:

That the note in this action was given to take up an old note, which matured on the day on which the new· note is dated; that the new note was executed in March, 1874, leaving the date blank; that the date was afterwards inserted to correspond with the maturity of the old note, without the knowledge or consent of Emmons or Odell, except such authority as the face of the note, left blank

as to its date with the knowledge of all the makers, might imply. All the makers of the new note were also makers of the old note, and knew the purpose for which the new note was executed, namely, to take up the old one.

It seems to me that these facts show a decided preponderance in favor of the finding. The fact that the makers signed the note, knowing that the date was left blank, implies that the date was not to be filled as of the day it was signed; for, if it was to be dated as of that day, I can perceive no reason why the date was not filled at the time they signed the note. And when the makers signed the note, and knowingly left a blank for the insertion of the date, and passed the note from their possession, they, by these acts, authorized any one interested in the note to fill the blank date. *Johns* v. *Harrison*, 20 Ind. 317; *Grimes* v. *Piersol*, 25 Ind. 246; *Piersol* v. *Grimes*, 30 Ind. 129; *Spitler* v. *James*, 32 Ind. 202; *Wilson* v. *Kinsey*, 49 Ind. 35; *Rich* v. *Starbuck*, 51 Ind. 87.

I think the judgment should be affirmed, with costs.