Armstrong *et al. v.* Harshman.

Opinion filed at November term, 1877.
Petition for a rehearing overruled at May term, 1878.

---

## ARMSTRONG ET AL. *v.* HARSHMAN.

PROMISSORY NOTE.—*Blanks.*—*Principal and Surety.*—*Principal and Agent.*— Where a surety on a promissory note left blank as to the payee entrusts the same, in that condition, to the principal, he thereby authorizes the latter to insert the name of whatever payee he chooses.

SAME.—*Endorser of Note Blank as to Payee.*—*Contribution.*—Where a third per-

son endorses such note by writing his name on the back, and the principal, in negotiating the note, inserts the name of such endorser as payee, the liability of the latter is simply that of an endorser, and not that of a co-surety, and on payment of the note by the surety he can not compel such endorser to contribute.

From the Clinton Circuit Court.

*J. N. Sims, L. McClurg* and *J. V. Kent,* for appellants.

*R. P. Davidson* and *J. C. Davidson,* for appellee.

WORDEN, J.—The following note and endorsement were executed, viz.:

"$1,000.     LAFAYETTE, IND., Sept. 6th, 1859.

" Sixty days after date, we promise to pay to the order of I. D. Armstrong, Jackson Douglass, P. C. Somerville, one thousand dollars, at Phenix Bank, New York City, without relief from valuation or appraisement laws, for value received.     (Signed,)     JOHN W. BLAKE,
" ENOS HARSHMAN."

Endorsed:

" Pay the Bank of the State of Indiana, or order.
     (Signed,)     " I. D. ARMSTRONG,
          " JACKSON DOUGLASS,
          " P. C. SOMERVILLE."

The Bank of the State sued the makers and endorsers of the note, in the Tippecanoe Circuit Court, upon the note, alleging in the complaint in that action, among other things, that the endorsers, Armstrong, Douglass and Somerville, endorsed the note as sureties for Blake and Harshman, and to enable them to obtain credit thereon with the plaintiff in that action, and that the note was duly protested for non-payment at its maturity, of which said endorsers had notice.

There was judgment by default in that action against all the defendants therein; and Harshman, having paid the judgment, brought this action against Armstrong, Douglass and Somerville, for contribution, on the theory that the defendants were co-sureties with himself for Blake.

A demurrer was originally sustained to the complaint, but, on appeal to this court, it was held good. See *Harshman* v. *Armstrong*, 43 Ind. 126.

Issues were formed, and the cause was tried by a jury, who found for the plaintiff, and judgment was rendered on the verdict, over a motion interposed by the defendants for a new trial.

The material facts in reference to the execution and endorsement of the note appear to have been as follows:

Blake was desirous of procuring money, and, to enable him to do so, he prepared, or caused to be prepared, the note above set out, but it was blank as to payees, and in some other respects not material to be stated. He signed the note, and procured Harshman to sign it in this condition. He also procured the defendants, Armstrong, Douglass and Somerville, to place their names on the back of the note while it was thus blank as to payees. He took the note in this condition to the bank, where he procured the blanks to be filled up, inserting the names of the defendants herein as payees; and the blank endorsement was filled up, transferring the note to the bank. The bank discounted the note, Blake receiving the proceeds.

It is plain, on the face of the note and endorsement, that the defendants were endorsers, and nothing more. They were not makers of the note, and, therefore, could not be co-sureties with the plaintiff for Blake. If the note had been payable to some other payee, named therein at the time it was endorsed by the defendants, whereby the defendants' contract might have been a contract between themselves and the payee named, it would have been open to parol proof to show that they intended, by placing their names on the back of the note, to assume the responsibilities of makers thereof. *Vore* v. *Hurst*, 13 Ind. 551. And perhaps this would also have been the case if some other payee had been named in the note,

when the blank was filled up by inserting the name of the payee; but this point need not be, and is not, decided.

We have seen, that when Harshman signed the note, and the defendants endorsed it, there was no payee named therein.

When Harshman had signed the note in blank, and had left it with Blake to be used by him, Blake became authorized to fill up the blank with the name of any payee he might choose; at least he became authorized to fill up the blank with the names of the persons who had thus placed their names on the back of the note. *Holland* v. *Hatch*, 11 Ind. 497; *Schnewind* v. *Hacket*, 54 Ind. 248; *Emmons* v. *Meeker*, 55 Ind. 321; *Emmons* v. *Carpenter*, 55 Ind. 329.

As the plaintiff left the note with Blake to be used by him, with implied authority to fill up the blanks, the latter must be regarded as the agent of the former for the purpose of filling the blanks; and the plaintiff is bound by the character of the note as thus filled up, as effectually as he would have been had the names of the payees been inserted at the time he signed it.

The case stands, then, in its legal aspects, as if the names of the payees had been inserted at the time the note was signed by the plaintiff. The defendants, being the payees and having placed their names upon the back of the note, must be regarded as endorsers, and nothing else. In our opinion, parol evidence can not be given to show, that, by thus placing their names upon the note, they intended to contract a different liability from that which the law attaches to the contract as made by them. And, as they were not makers of the note, and as the legal effect of their contract can not be varied by parol, there is no ground on which they can be held liable to the plaintiff for contribution, in the absence of an express contract between the plaintiff and defendants that they should be thus liable, or that, as between them, the latter should be regarded as co-makers of the note. *M'Donald*

v. *Magruder*, 3 Pet. 470. No evidence of such contract was given in the cause. Indeed, the case was tried on the theory that such contract was unnecessary.

In conclusion, we may say that the judgment in the case of the bank against the parties, on the note, did not settle the rights and obligations of the defendants in that action, as between themselves. *Harvey* v. *Osborn*, 55 Ind. 535.

The judgment below must be reversed, on the ground that, on the facts shown, the plaintiff was not entitled to recover.

The judgment is reversed, with costs, and the cause remanded for a new trial.