### FREDERICK H. McINTOSH *vs.* EMMETT LYTLE.

#### January 3, 1880.

**Cheque—Payee—Action against Drawer.**—A writing in this form—
 " $200.                         ST. PAUL, MINN., January 22, 1879.
  D. & Co., BANKERS: Pay to the order of, on sight, two hundred dollars in current funds.                         E. L."
is not a check, because no payee is indicated by it, and no action on it can be maintained against the drawer on its non-payment.

Appeal by plaintiff from a judgment of the district court for Ramsey county, the action having been tried before *Wilkin,* J., and dismissed on the defendant's motion.

*Lamprey & James,* for appellant.

*Gilman & Clough,* for respondent.

GILFILLAN, C. J.   Action on a writing as follows:
" $200.                         ST. PAUL, MINN., January 22, 1879.

"DAWSON & Co., BANKERS: Pay to the order of, on sight, two hundred dollars, in current funds.         E. LYTLE."

When presented to Dawson & Co., they refused payment, having been instructed so to do by the defendant.

A check must name or indicate a payee. Checks drawn payable to an impersonal payee, as to "bills payable" or order, or to a number or order, are held to be payable to bearer, on the ground that the use of the words "or order" indicates an intention that the paper shall be negotiable; and the mention of an impersonal payee, rendering an endorsement by the payee impossible, indicates an intention that it shall be negotiable without endorsement—that is, that it shall be payable to bearer. So when a bill, note or check is made payable to a blank or order, and actually delivered to take effect as commercial paper, the person to whom delivered may insert his name in the blank space as payee, and a *bona-fide* holder may then recover on it.

These cases differ essentially from the one at bar. In the latter case the person to whom delivered is presumed, in favor of a *bona-fide* holder, to have had authority to insert a name as payee. In the former cases the instrument is, when it passes from the hands of the maker, complete, in just the form the parties intend. But in this case there is neither a blank space for the name of the payee, indicating authority to insert the payee's name, nor is the instrument made payable to an impersonal payee, indicating a fully completed instrument. It is claimed that the words "on sight" are such impersonal payee. They were inserted, however, for another purpose—to fix the time of payment, and not to indicate the payee. It is clearly the case of an inadvertent failure to complete the instrument intended by the parties. The drawer undoubtedly meant to draw a check, but having left out the payee's name, without inserting in lieu thereof words indicating the bearer as payee, it is as fatally defective as it would be if the drawee's name were omitted.

Judgment affirmed.