GORDON *v.* LANSING STATE SAVINGS BANK.

1. CHECKS—VALIDITY—WANT OF PAYEE.
   The holding of the circuit judge, to the effect that a check payable to "the order of ————," a line being drawn through the space provided for the name of the payee, is not payable to bearer, or to an impersonal payee, but is void for want of a payee, precluding the bank from charging the drawer with the amount paid thereon, was sustained by a divided court; CARPENTER and GRANT, JJ., being of the contrary opinion, and MONTGOMERY, J., not sitting.

2. SAME—ABSENCE OF DATE.
   A date is not essential to the validity of a check. Per CARPENTER and GRANT, JJ.

Error to Ingham; Wiest, J. Submitted December 2, 1902. (Docket No. 125.) Decided May 12, 1903.

*Assumpsit* by John R. Gordon against the Lansing State Savings Bank to recover the balance of a deposit. From a judgment for plaintiff, defendant brings error. Affirmed.

*Charles F. Hammond*, for appellant.

*Russell C. Ostrander*, for appellee.

MOORE, J. This case was tried by the circuit judge without a jury. At the request of the defendant, he made a finding of facts, which is as follows:

"Monday morning, December 9, 1901, at about 9 o'clock, there was presented at the bank of defendant at the city of Lansing for payment the following check, made·upon the printed form of check supplied by defendant to its patrons, and signed by plaintiff, viz. :

"'LANSING, MICH., ____ 190__ No. ____
"'LANSING STATE SAVINGS BANK OF LANSING.
"'Pay to the order of:................................. ........................
Nine Hundred and Seventy Dollars. $970.00.
"'JNO. R. GORDON.'

"The check was indorsed by Charles P. Downey, and was presented by an employé of Mr. Downey, and cash was paid at the time of its presentation.

"The plaintiff had been a depositor at defendant's bank at periods for three or four years, and at the opening of the bank on the morning of December 9, 1901, his balance or credit upon the books of the bank was $3.40, but during the day $2,997.50 was added to plaintiff's credit. The day defendant cashed the check plaintiff was at the bank, and was informed that the check for $970 had been cashed by payment to Mr. Downey, and he then notified defendant he would not accept that check as a voucher for the money paid.

"December 14, 1901, plaintiff prepared and presented to defendant his check, payable to himself, for $970, being the amount he claimed to then have on deposit in the bank. Payment on this check was refused by defendant upon the ground that plaintiff had no funds in the bank."

The circuit judge rendered a judgment in favor of the plaintiff for $970 and interest. The case is brought here by writ of error.

Two questions are discussed by counsel: *First*, the effect of not dating the check; *second*, has the check a payee? We do not deem it necessary to discuss the first question. As to the second question, it will be noticed the drawer of the check did not name a payee therein, nor did he leave a blank space where the name of a payee might be inserted, nor did he name an impersonal payee. In the case of *McIntosh* v. *Lytle*, 26 Minn. 336 (3 N. W. 983), the court used the following language:

"A check must name or indicate a payee. Checks drawn payable to an impersonal payee, as to 'Bills Payable' or order, or to a number or order, are held to be payable to bearer, on the ground that the use of the words 'or order' indicates an intention that the paper shall be negotiable, and the mention of an impersonal payee, rendering an indorsement by the payee impossible, indicates an intention that it shall be negotiable without indorsement,—that is, that it shall be payable to bearer. So, when a bill, note, or check is made payable to a blank or order, and actually delivered to take effect as commercial paper, the person to whom delivered may insert his name

in the blank space as payee, and a *bona fide* holder may then recover on it.

"These cases differ essentially from the one at bar. In the latter case the person to whom delivered is presumed, in favor of a *bona fide* holder, to have had authority to insert a name as payee. In the former cases the instrument is, when it passes from the hands of the maker, complete, in just the form the parties intend. But in this case there is neither a blank space for the name of the payee, indicating authority to insert the payee's name, nor is the instrument made payable to an impersonal payee, indicating a fully completed instrument. It is claimed that the words 'on sight' are such impersonal payee. They were inserted, however, for another purpose,—to fix the time of payment,—and not to indicate the payee. It is clearly the case of an inadvertent failure to complete the instrument intended by the parties. The drawer undoubtedly meant to draw a check, but, having left out the payee's name, without inserting in lieu thereof words indicating the bearer as payee, it is as fatally defective as it would be if the drawee's name were omitted."

See, also, *Rush* v. *Haggard*, 68 Tex. 674 (5 S. W. 683); *Prewitt* v. *Chapman*, 6 Ala. 86; *Brown* v. *Gilman*, 13 Mass. 160; *Rich* v. *Starbuck*, 51 Ind. 87; Norton, Bills & N. (3d Ed.) p. 59, and notes; 1 Daniel, Neg. Inst. § 102.

The case differs from the one at bar in some respects, but the important part of the decision is that a payee is necessary to make a complete instrument, and, even though the maker of the check may have intended to name a payee, if he has not in fact done so the check is incomplete. In the case at bar the failure to name a payee was not an oversight, if we may judge from what Mr. Gordon did, as will appear more in detail later.

Our attention has been called to *Crutchly* v. *Mann*, 5 Taunt. 529. In this case the bill of exchange was made payable to the order of _____ The court found that, under the facts shown, the conclusion was irresistible that the name was filled in with the consent of the drawer. The same case was previously reported in 2 Maule & S. 90 (*Cruchley* v. *Clarance*), where, as the case then stood, it appeared the bill of exchange had been

sent out, the defendant leaving a blank for the name of the payee. One of the judges was of the opinion that the defendant, by leaving the blank, undertook to be answerable for it, when filled up in the shape of a bill of exchange; another judge was of the opinion that it was as though the defendant had made the bill payable to bearer; while the third judge was of the opinion that the issuing of the bill in blank without the name of the payee was an authority to a *bona fide* holder to insert the name.

In the case of *Harding* v. *State*, 54 Ind. 359, a promissory note was drawn, leaving a blank space for the name of the payee; and it was held:

" ' So the name of the payee may be left blank, and this will authorize any *bona fide* holder to insert his own name.' 1 Pars. Notes & B. 33."

In the case of *Brummel* v. *Enders*, 18 Grat. 873, promissory notes, blank as to the names of the payees, had been put in the hands of an agent to be sold for the benefit of the makers. The agent sold them, at a greater discount than the legal rate of interest, to purchasers who did not know they were sold for the benefit of the makers. At the time of the sale the names of the purchasers were inserted, either by the purchasers or by the agent, in the blank left for the payee. When the notes were sued, the makers pleaded usury. The court, following the cases already cited, held that any *bona fide* holder of a bill or note which is blank as to the name of the payee may insert his own name, and thus acquire all the rights of the payee.

It will be observed that the case at bar differs from all of these cases. As before stated, not only did Mr. Gordon fail to insert the name of a payee, or to leave a blank where the name of the payee might be inserted, but he did more; he drew a line through the blank space, making it impossible for any one else to insert therein a name, indicating very clearly that he not only declined to name a payee, but intended to make it impossible for any one else to do so. Had Mr. Gordon issued a check otherwise per-

fect, but with the blank space for the amount of the check unfilled, and delivered it to a third person, it would be presumed the third person was given authority to fill the blank space. But had he, instead of leaving the space a blank, filled it by drawing a line through it, would any one say the third person might then insert a sum of money in that space? If not, upon what principle may the name of a payee be inserted when the space was filled in the same way, or upon what theory may it be presumed there was an impersonal payee when the maker has not made the check payable to cash, or some other impersonal payee? In order to construe the check as a complete instrument, we must read into it an intention not only not expressed by its language, but contrary to the act of the maker. The check, as it appears today, is without any payee. The record is silent in relation to whom it was delivered, or whether the person who presented it at the bank or the person whose indorsement it bears was a *bona fide* holder.

Judgment is affirmed.

HOOKER, C. J., concurred with MOORE, J.

CARPENTER, J. I regret that I cannot concur in the opinion of my Brother MOORE. I agree with him that the check in question is not governed by the authorities which hold that, where a blank is left for the insertion of the name of a payee, the instrument is to be treated as payable to bearer. I cannot agree, however, that the case of *McIntosh* v. *Lytle*, 26 Minn. 336 (3 N. W. 983), is controlling. That case resembles this in many particulars. There is, however, a difference which, in my judgment, renders the reasoning of that case inapplicable. The fact that the plaintiff in the case at bar used the ordinary blank, and drew a line through the space intended for the name of the payee, prevents our assuming, as did the court there,—and its decision was based on this assumption,—that it is "the case of an inadvertent failure to complete the instrument intended by the parties." The

instrument under consideration is obviously complete, in just the form the maker intended.

In my judgment, the authorities which hold a check payable to the order of an impersonal payee to be valid and negotiable control this case. I quote from the case of *Willets* v. *Bank*, 2 Duer, at page 129:

"One of the checks was payable to the order of 1658, the other three to the order of bills payable; and, as the required order could not in either case possibly be given, the checks, unless transferable by delivery, were payable to no one, and were void upon their face. The law is well settled that a draft payable to the order of a fictitious person, inasmuch as a title cannot be given by an indorsement, is, in judgment of law, payable to bearer. *Vere* v. *Lewis*, 3 Term R. 183; *Minet* v. *Gibson*, Id. 481; *Gibson* v. *Minet*, 1 H. Black. 569, affirmed in the house of lords. And it seems to us quite manifest that in principle these decisions embrace the present case. At any rate, the bank, by certifying the checks as good, is estopped from denying that they were valid as drafts upon the funds of the maker, and, consequently, were payable to bearer. The giving of such a certificate, if otherwise construed, would be a positive fraud."

In *Mechanics' Bank* v. *Straiton*, 3 Abb. Dec. 269, a check payable to bills payable or order was held payable to bearer, the court saying:

"By naming the persons to whose order the instrument is payable, the maker manifests his intention to limit its negotiability by imposing the condition of indorsement upon its first transfer. But no such intention is indicated by the designation of a fictitious or impersonal payee, for indorsement under such circumstances is manifestly impossible; and words of negotiability, when used in connection with such designations, are capable of no reasonable interpretation except as expressive of an intention that the bill shall be negotiable without indorsement,— *i. e.*, in the same manner as if it had been made payable to bearer."

We must decide that the check in the case at bar, like those in the cases cited, is either altogether void, or is transferable by delivery. I submit that we should follow

those cases, and decide that it is transferable by delivery. To quote the language of Lord Ellenborough, in *Cruchley* v. *Clarance*, 2 Maule & S. 90:

"As the defendant has chosen to send the bill [check] into the world in this form, the world ought not to be deceived by his acts."

This view of the case compels me to notice the fact that the check under consideration is not dated. According to the weight of authority, this omission does not invalidate it. See Zane, Banks, § 152; 2 Daniel, Neg. Inst. § 1577; Norton, Bills & N. (3d Ed.) p. 405, note.

I think the judgment of the court below should be reversed, and a judgment entered in this court for the defendant.

GRANT, J., concurred with CARPENTER, J.
MONTGOMERY, J., did not sit.