"Wheeler, J.
Repeated decisions of this and the late supreme court founded on the laws of Spain, in force prior to the acts of 15th and 20th January, 1840, 4 Stat. p. 4, see. 2; id. p. 8, have settled that upon contracts made in this country prior to these statutes, the legal rate of interest was five per cent.
In computing interest at eight per cent, the judgment then is erroneous. But the appellee, having released the excess above legal interest upon the principal sum found due by the verdict, we are required to revise the judgment: and then to proceed to give such judgment as the court below ought to have given, had the release been filed in that county (4 Stat. 81, sec. 19, 1 Acts State, 379, sec. 133), unless the judgment be in some other respect erroneous.
*(358) The only remaining error assigned is that “ the judgment should have been rendered in the alternative, for the Tennessee or Alabama money, or its equivalent in gold or silver.
This objection is untenable. The verdict appears to have ascertained the value of the “ Tennessee or Alabama money ” embraced in the note, and for such value the judgment was rendered. The appointed time of payment having elapsed without any tender or offer to pay the Tennessee or Alabama money, the debtor had lost his alternative privilege; and the demand had become absolute for the value of the “ Tennessee or Alabama money,” or, in the language of the contract itself, for its “ equivalent ” in money. In this respect the judgment was rendered rightly and in accordance with the opinion of this court in Fleming v. Nall and Roberts v. Short, decided at the present term.
Eor as much then as there was error in the judgment of the court below, in giving interest at eight per cent, upon the principal sum by the verdict therein ascertained; and it appearing to the court that the excess above five per cent, interest in said judgment was and is for more damages than the plaintiff below hath demanded by his suit (4 Stat. p. 91, sec. 18) and the said plaintiff by his attorney, Barry Gillespie, in open court having released such excess; proceeding thereupon to render such judgment as the district court ought to have given had the said release been filed therein; it is considered that the appellee recover of the appellant the sum of three hundred 81-100 dollars principal, and one hundred and sixteen 25-100 dollars interest, being at the rate of five per cent, per annum upon said principal sum from the maturity of said note, and making together with said principal sum the aggregate sum of. $417.05; and that this judgment be certified to said district court with instructions to proceed in the execution thereof.