Lipscomb, J.
The judge charged the jury “that the note sued on, upon default of Baker’s paying the cash notes on the day of payment, became a moneyed demand for four hundred dollars.”
That a promise to pay a certain amount of money on a given day, with a stipulation following that it may be discharged in some other commodity, becomes an absolute promise to pay money if that other thing is not paid on the day of payment is a proposition believed to be well established and fully recognized by this court in the eases of Fleming v. Nall (1 Tex. R., 246) and Chevallier v. Buford, (Id., 503.) The money in such cases is the primary element of the promise, and the stipulations that it may be discharged by something else is an alternative that the maker may avail himself of at or before the day of payment... If he fails to do so the primary object of the promise must prevail, and it becomes a moneyed demand. If the promise had been to pay one hundred dollars, Texas promissory notes, the promissory notes would be the primary element of the undertaking, and the number of dollars named only to fix the amount of the Texas promissory notes. So in the case of Martin & Ward v. Latimer, Bagby & Co., (2 Tex. R., 245.) The note sued on was for tiie payment of “four hundred and sixty-four dollars and twenty-nine cents, in cash notes due since the first day of January, 1845; witness our hands and seals this 17th of February, 1845.” The cash notes were considered by *138 this court as being the primary element of the promise, not tobe equivalent to the sum named, but amounting on their face to I hat nominal sum, and was not such a promise as would sustain a final judgment by default without the intervention of a jury to determine on evidence the value in money of such notes, because it was not a promise to pay money, but to pay cash notes. And the decision is in strict harmony with the principles of the two former cases cited, and all concur in sustaining the correctness of the charge of the judge in the case before us.
Note 48. — It is not necessary for the plaintiff to allege demand of the commodity. If defendant was ready to deliver the commodity he must also notify plaintiff before maturity of obligation that lie has elected so to discharge it. (Dumas v. Hardwick, 19 T., 238; Smith v. Falwell, 21 T., 466; Short v. Abernathey, 42 T., 94.
Judgment affirmed.