### HIRAM SMITH AND ANOTHER V. WILLIAM FALWELL.

A note in which the maker promises to pay a certain sum, " to be discharged in other good cash notes," *Held* to be an obligation for money and not for cash notes.

Appeal from Rusk. Tried below before Hon. C. A. Frazer.

This was a petition for a *certiorari*, from the judgment of the District Court dismissing which, an appeal is taken. The proper construction of the note set out in the Opinion, being the only question in the case, it is not deemed necessary to give the facts of the case.

Smith v. Falwell.

*B. Smither*, for appellant, relied on Ward & Martin v. Latimer, Bagby & Co., (2 Tex. R. 245.)

*M. D. Graham*, for appellee, cited O'Brien v. Dunn, (5 Tex. R. 270 ;) Ford v. Williams, (6 Tex. R. 311 ;) Baker v. Todd, (6 Tex. R. 273.)

HEMPHILL, CH. J. The note in this suit is as follows :

$65 00. Nine months after date, for value received, we, or either of us, promise to pay Jesse A. Forrest, or bearer, sixty-five dollars, to be discharged in other good cash notes ; this 10th December, 1855.

(Signed,)          H. C. SMITH,
              W. D. ELLIOT.

Is this a contract to pay sixty-five dollars in specie, or that sum in *numero* in cash notes ?

That a note for a certain sum, payable in cash notes, bank notes, or any other currency, when such currency is greatly depreciated below its nominal value, is a different contract from a note for the same amount in par funds, or specie, is a fact recognized and admitted by the experience and in the transactions of the community.

The question on such contracts is, as to the intention of the parties, and extraneous evidence is admissible, not to vary the contracts, but to show the sense in which the terms are to be understood. (Roberts v. Short, 1 Tex. R. 373.) The general understanding and usage in relation to similar contracts is to be consulted, and the words used should be received in their ordinary sense and acceptation. (Fleming v. Nall, Id. 246.)

This rule of construction was recognized in several of the earlier decisions, and was applied in Ward & Martin v. Latimer, Bagby & Co., (2 Tex. R. 245,) where the notes sued upon were promises to pay the amounts in cash notes ; and such promise was held not equivalent to a promise to pay the nominal amount in money, and that the value of the notes must

be ascertained on evidence, and judgment rendered for that amount. But in Baker v. Todd, (6 Tex. R. 273,) a distinction was taken between notes promising to pay a sum of money in cash notes and notes promising a sum of money which might be discharged in cash notes. That the money was the primary element of promise in the latter, with a stipulation, as an alternative, that it may be discharged in something else at or before the day of payment; but that in the former the cash notes were the primary element of the promise—not to be equivalent to the sum named, but amounting on their face to that nominal sum. Whether this distinction was supported by the cases of Fleming v. Nall, (1 Tex. R. 246,) and Chevallier v. Buford, (Id. 503,) that is whether the principles of those cases would authorise cash notes to be treated as specific articles need not be considered, and decisions of other States may be found in which contracts for so much money in cash notes are held equivalent to and convertible with contracts for so much money, which might be discharged in cash notes. (22 Ala. R.) The distinction is, however, established by this Court, and we believe that it is not without reason, and that it harmonises with common usage and with the meaning in which the terms are generally understood.

Under the rule established in Baker v. Todd, the Justice did not err in regarding this note as a money demand, and it is ordered that judgment dismissing petition be affirmed.

Judgment affirmed.