## G. W. GRANT v. BURLESON, PATTERSON & Co.

An *obligation to pay a specified amount* "in a good, solvent, cash note," becomes a moneyed demand for the amount mentioned, upon failure to deliver the note called for by the obligation within a reasonable time.

ERROR from Walker.    Tried below before the Hon. J. R. Burnett.

Suit instituted in the County Court of Walker county by the defendants in error against the plaintiff in error on the instrument set out in the opinion.    Judgment went against the plaintiffs in that case, because the instrument was sued on as a moneyed demand, and the value of the cash note, which was the primary element of the promise, was not alleged and therefore not proven.    The case was taken to the District Court by appeal, where the petition was amended, and the value of a good, solvent, cash note, due the estate of A. G. Grant, deceased, on the twenty-third of November, 1861 (date of note sued on), alleged to be $217.87, and prayed for judgment for that amount, with interest.    Judgment was rendered against them in the District Court, from which they appealed to this court. In this court the judgment of the District Court was reversed and judgment rendered here for $217.87, with interest.    On application for rehearing in this court the judgment was reformed by remanding the case, instead of rendering judgment.    The case came on for trial again in the District Court at the July term, 1872, when judgment was rendered for the plaintiff for $407.43, the amount specified in the instrument sued on, with interest.

*Abercrombie & Banton*, for plaintiff in error, cited Ward & Martin v. Latimer, Bagby & Co., 2 Texas, 245; 4 Texas, 385 ; Smith v. Falwell, 21 Texas, 466 ; Traynham

v. Jackson, 15 Texas, 170 ; Hamilton v. Calhoun, 2 Watt's Pennsylvania Reports, 140 ; 15 Maine, 470 ; 20 Id., 325.

*Baker & Maxey*, for defendants in error.

WALKER, J.—This case was before us at the last term, and we might perhaps be justified in saying that everything now before us worthy of consideration is *res judicata*. In Ward & Martin v. Bagby & Co., 2 Texas, 249, Judge Lipscomb, in delivering the opinion of the court, where suit was brought on the following instrument : "One day after date we promise to pay Latimer, Bagby & Co. $464.29 in cash notes, due since the first day of January, 1845, for value received of them," held that a promise to pay "in cash notes" is not equivalent to a promise to pay the nominal amount in money.

In a suit upon a note payable in cash notes, the value of the notes must be ascertained before a judgment can be rendered.

In the case at bar suit was brought on the following note :

"MEMPHIS, Nov. 3, 1861.

"I hereby promise to pay Mrs. Martha Wallace $217$\frac{87}{100}$ in a good solvent cash note, due the estate of A. G. Grant, deceased, to count interest from the first of September last."

We held that on failure to deliver the note called for by this instrument within a reasonable time, it became a moneyed demand, and as such the holder might sue upon it. This ruling in nowise interferes with that of the case referred to in 2 Texas. We make the same ruling now, and therefore affirm the judgment of the District Court.

AFFIRMED.