RICHARD SHORT ET AL V. AMANDA M. ABERNATHY ET AL.

1. NOTE PAYABLE IN SPECIFIC ARTICLES.—Upon the failure to deliver such specific articles at maturity, the obligation becomes absolute for the sum specified in money.

2. CONFEDERATE MONEY.—In a suit on an obligation for Confederate money, evidence is admissible to show the value of Confederate States money to ascertain the amount due in lawful money.

3. A new agreement, after breach and tender under such new contract, is a defense to an action upon the contract settled by such new contract.

APPEAL from Titus.   Tried below before the Hon. J. D. McAdoo.

Amanda M. Abernathy, joined with her husband, brought suit upon a contract made with her before her marriage against R. Short and T. J. Aikin.

The contract was evidenced by two instruments, alike save in the sum, one being for one hundred dollars and one for fifty dollars.   One is as follows :

"$100.   On the 25th of December next, we or either of us promise to pay Amanda M. Moreland, or bearer, one hundred dollars for hire of Moses for the present year, to be paid in good middling cotton, delivered in Jefferson, well baled, at nine cents per pound, by the above date.

"January 1, 1862.

"R. SHORT,<br>
"T. J. AIKIN,<br>
"W. J. FLINN."

The defendants pleaded that the hire of the negro was estimated and payable in Confederate money in the failure to deliver the cotton; that the defendant, Short, had tendered the money as contracted for; that subsequent to the tender and refusal to accept the Confederate bills, defendants had agreed with plaintiff to pay the debt in pork, and tender by defendant of the pork; and that the negro was worthless.

The plaintiffs read the obligations sued on and closed.

Defendants offered to prove that the value of the services of the negro Moses was estimated in Confederate States money, and tender of same, and the subsequent

agreement that the debt should be paid in pork, all of which was excluded, and bill of exceptions taken.

Testimony was offered tending to show want of value of the negro, under the plea of failure of consideration.

The court instructed the jury that "if the evidence shows that the defendants did not discharge the contract sued upon at maturity in cotton delivered at Jefferson at nine cents per pound, then you will find for the plaintiffs what the cotton was worth at the time, with interest at eight per cent., unless it appears from the evidence that the consideration for which the obligation was executed failed in whole or in part," &c.

*Stephens & Turner* and *Culberson & Mabry*, for appellants, cited Donley *v.* Tindall, 32 Tex., 43; Casey *v.* Turner, 32 Tex., 64; Ritchie *v.* Sweet, 32 Tex., 333; Revis *v.* Blackshear, 30 Tex., 753; Cundiff *v.* Herron, 33 Tex., 623; 2 Greenl. Ev., §§ 600, 606, 609, 610; 2 Story on Cont., secs. 1002, 1005; Pas. Dig., art. 1464; Bailey *v.* Mills, 27 Tex., 434.

No counsel for appellees.

REEVES, ASSOCIATE JUSTICE.—The grounds of defense in this case arise out of a contract for the hire of a negro man slave for the year 1862. As shown by the pleadings and evidence, this man was hired by K. Heath, acting as agent for the payee in the notes, now Mrs. Abernathy, one of the plaintiffs, to appellant, Short, who, with T. J. Akin and W. J. Flinn, executed the notes described in the petition, stating that the notes were given for the hire of said negro man, and stipulating that the notes—one for $100 and the other for $50—were to be paid in good middling cotton, delivered in Jefferson, well baled, at nine cents per pound, by the 25th of December, 1862, on the maturity of the note.

On the trial defendants offered to prove that the cotton, by agreement of the parties, was to be valued in Confeder-

ate money, and that defendants, on default of delivering the cotton at the maturity of the note, might discharge the debt by paying the amount of the note in Confederate money. They also offered to prove a tender of Confederate notes, and which appellees or their agent refused to accept, and after the tender and refusal, that the parties made a new agreement by which the debt was to be discharged in pork. This evidence was excluded by the court on plaintiff's objection, as stated in appellants' bill of exception.

It could only be necessary to consider the ruling of the court in excluding evidence of the alleged agreement to value the cotton in Confederate currency, or to receive payment in that currency so far as the agreement might be a defense to the notes on which the suit was brought. That agreement could not control the rights of the parties under the alleged contract, to accept pork instead of cotton in payment of the debt, and which was made after the debt was due. Nor would the evidence which was excluded by the court be material in support of the answer setting up a failure of consideration, and averring that the negro man was worthless, in view of the contract for pork, and which was made after the term of hiring had expired, and when appellant must have known that the consideration had failed.

If the cotton was not delivered at the time agreed upon, the promise to pay in money became absolute, and the holder of the note might have so treated it, unless the contract was changed by a new one stipulating for payment in a different mode. (Chevallier *v.* Buford, 1 Tex., 503; Baker *v.* Todd, 6 Tex., 273; Dumas *v.* Hardwick, 19 Tex., 240.)

On the basis of a contract for Confederate currency, the evidence offered and excluded in regard to the value of the currency should have been admitted, not for the purpose of showing that the contract was void, but to ascer-

tain the amount due on the contract in lawful money. In the case of Mathews v. Rucker, decided at the present term, we held that a party entitled to be paid in Confederate dollars can recover their value at the time and place of the contract in lawful money of the United States, following the decision in Thorington v. Smith, 8 Wall., 1. In the view the court took of the case the charge was erroneous. It was also erroneous to exclude the evidence offered by the defendants to prove the alleged agreement to discharge the debt in pork, and for these errors the judgment is reversed.

REVERSED AND REMANDED.