No. 2231.

WILLIAM BUMMEL *v.* THE MAYOR, ALDERMEN AND INHABITANTS
OF THE CITY OF HOUSTON.

1. CONSTITUTION CONSTRUED—TAXES—CITY BONDS.—Construing section
   6, of article 11 of the State Constitution, which provides that taxes
   levied by a municipal corporation to pay an indebtedness theretofore
   existing "may be paid in the coupons, bonds or other indebtedness, for
   the payment of which such tax was levied;" *held*, that unless the tax
   payer avails himself of his constitutional privilege to pay such taxes
   in such coupons, by tendering payment before the institution of suit
   against him to enforce collection, a tender after suit is unavailing, and
   the corporation is entitled to a moneyed judgment.

APPEAL from Harris.    Tried below before Hon. James Masterson.

*F. F. Chew*, for appellant: On his proposition that the words of
the Constitution of Texas embraced in article 11, section 6, to
wit: "and such taxes *may be paid* in coupons," is the reservation of a right in that instrument, and is an expression the
exact equivalent of *shall be received*, and is mandatory upon
plaintiffs in the premises, and will be so construed in favor of
the grantors, the people, he cited Morton v. Gordon & Alley,
Dallam, 396.

*S. Taliaferro*, for appellee: On his proposition that the court
below did not err in sustaining the exceptions of plaintiff to
appellant's plea of tender, for the reasons alleged in plaintiff's
first supplemental petition; that tender made after the maturity of
the debt, demand for its payment, refusal and suit brought, is not
available as a defense, he cited Bakeman v. Pooler, 15 Wendell,
637; Hunter v. Warner, 1 Wisconsin, 141; Hesketh v. Fawcett, 11
Mees & W., 356; Dixon v. Clark, 5 C. B., 365; Powe v. Powe, 42
Alabama, 113; Besancon v. Shirley, 9 Smedes & Marshall, 457;
Lynn v. Williamson, 27 Maine, 149; Griffin v. Tyson, 17 Vermont,
35; Barker v. Brink, 5 Iowa, 481; Clough v. Clough, 26 New
Hampshire, 24; Woodcock v. Clark, 18 Vermont, 333.

GAINES, ASSOCIATE JUSTICE.   This suit was instituted by appel-

lees to recover of appellant certain sums of money due from him for taxes levied and assessed against him by the authorities of the city of Houston, and to enforce a lien upon the real estate upon which the assessments were made. The taxes sued for embrace assessments both for current expenses and also to pay the accrued obligations upon a certain bonded indebtedness of the city. The petition was filed on the twentieth day of October, 1884. Appellant answered on the thirteenth day of March, 1885, and alleged that on the tenth day of February of the last named year he "tendered to plaintiff" two hundred and fifty-six dollars and thirty-two cents in the matured coupons of the bonds of the city, which was the amount of principal and interest of the taxes then due from him, assessed on account of the bonded debt; and also tendered in money on the same day the amount due on the assessment for current expenses. At the time of filing his plea defendant deposited in court the coupons and money alleged to have been tendered. Plaintiffs excepted generally and specially to the answer, and the exceptions were sustsined by the court, and the defendant declined to amend. The court proceeded to hear the evidence, and gave judgment for plaintiffs for the sums sued for and enforcing the lien as claimed.

The ruling of the court upon the exceptions to the answer and its judgment awarding a recovery in money against defendant, are assigned as error.

Among other propositions submitted in the brief of counsel for appellees, it is contended that the tax assessed to pay the bonded indebtedness of the city was not payable in the coupons in any event. But in the view we take of the case it is not necessary to decide this question.

Section 6 of article 11 of the Constitution of 1876 provides that taxes levied by a municipal corporation to pay an indebtedness theretofore existing "may be paid in the coupons, bonds, or other indebtedness, for the payment of which such tax may have been levied." It may be that this provision is applicable to the taxes in controversy in this case, and yet (as we think) the judgment of the court below be correct. Admit that the special tax was payable in the coupons, still the question presents itself, did appellant's right to pay in these securities continue after he had made default, and after suit had been brought against him?

We have been cited to no authorities upon this point, and have not been able to find any decision bearing directly upon it. But if we may apply to the case of taxes due to a municipal corpora-

tion, payable in its evidences of debt, the rule which governs analogous obligations between individuals, the question is easily solved. When one promises to pay a certain sum of money, or in the alternative to deliver certain chattels within a certain time, he has the election either to pay the money or to deliver the chattels within the time, but upon his failure to do either at the maturity of the contract, his obligation to pay the money becomes absolute. (7 Wait's Actions and Defenses, 790, and authorities cited.)

In our own State it is well settled that a promise to pay a sum of money which may be discharged in something else, as for example in " cash notes," can not be paid in the cash notes after the day upon which the obligation matures. (Baker v. Todd, 6 Texas, 273; Blount v. Ralston, 20 Texas, 132; Smith v. Folwell, 21 Texas, 466; Short v. Abernathy, 42 Texas, 94.) In Baker v. Todd, supra, Judge Lipscomb says: "The money in such cases is the primary element of the promise, and the stipulation that it may be discharged by something else is an alternative that the maker may avail himself of, at or before the day of payment; if he fails to do so, the primary object of the promise must prevail, and it becomes a moneyed demand." (See also Powe v. Powe, 42 Alabama, 113.) By the levy and assessment of the taxes in question, appellant became liable to pay the city of Houston a certain sum of money—not to pay the amount specified in the coupons of its bonds. By the provision of the Constitution quoted (admitting that it applies to this tax), he had the privilege of discharging the obligation in the matured indebtedness which the tax was levied to pay. Now what greater right has he than a promisor who is under a similar obligation and has a like privilege? If appellant could tender the coupons and discharge his debt after suit brought, it would seem that he could demand that judgment should be rendered against him for the coupons, or at least only for the actual value of a sufficient number of them, taken at par value, to cover the amount of the tax. Such a construction would result most disastrously to the interest of every city in the State that happened to be burdened with debt at the adoption of the Constitution; and we do not think that any such consequence was ever intended by the framers of our fundamental law. We are of opinion that the object of the provision was to permit the special tax to be paid for in the indebtedness it was intended to discharge, only in case this was done before the tax payer had made default.

The appellant not having tendered the coupons until suit had been brought against him, his taxes became an obligation to pay money, without any alternative privilege, and hence the court did not err in sustaining the exceptions to his plea of tender and in rendering judgment against him for the amount claimed in the petition. The judgment is affirmed.

*Affirmed.*

Opinion delivered January 11, 1887.

Chief Justice Willie did not sit in this case.