Stayton, Associate Justice.
This action was brought in a .justice’s court by the appellee, to recover on sixty-five separate pieces of paper, each in form as follows: “Good for (here a sum was named) in merchandise at Rush & Bros., Springdale, Texas,” A judgment having been rendered in favor of the appellee in that court, an appeal was taken to the district court, where a .judgmént was rendered for the appellee for ten cents less than the judgment rendered in the justice’s court. The proof showed that the appellants were mill owners, and that they gave the papers sued on to their employes as their checks, with the understanding that they were not to be transferred except to certain persons. It was further shown that at the end of each month the persons to whom those papers were given were entitled to receive from Rush Bros, the sum named in merchandise or money.
The papers made the basis of this action were not delivered to the appellee by Rush Bros., nor was it made to appear to whom they were delivered, but it did appear that the appellee bought the most of them from a person who was never in the employment of the appellants, and that the others were purchased by appellee from some person or persons who had been in the employment of appellants. It further appeared that, prior to the purchase of the papers sued upon, the appellee had purchased like papers, for which the appellants had made settlement by executing their note for their aggregate amount, they informing the appellee at the time, however, that they would not in the future make such settlement on any such paper as he might procure.
We are of the opinion that it was proper to admit the parol *678 evidence that was admitted to show how, and for what purpose the papers sued on were delivered to their employes by the appellants, and that the evidence was sufficient to show that Rush Bros, were indebted to the several persons to whom the papers-were issued in the sums named in each; and that the appelleewould have been entitled to recover had he shown that the several papers were transferred, by the employes to whom delivered, to himself or to the persons who transferred them to him, and that the appellants had failed to pay them at the end of the month during which they were issued. Bo such proof, however, was made. The papers of themselves evidence no contract-whatever, but, in connection with the parol evidence offered, showed that the appellants were indebted to the persons to whom ' they were delivered, and an assignment by such persons of the papers, would evidence an intention to transfer to the assignee the claims of such persons.
Opinion delivered October 25, 1887.
The papers have none of the qualities of negotiable instruments payable to bearer, and the mere possession of them raises no presumption that the appellee has right to the money due to ■ the persons to whom they were originally given. It devolves-upon him to show to whom the papers were delivered,- and that they have been in legal contemplation assigned to them.
In the absence of such proof no judgment should have been returned for the appellee, and the judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.