## Attoyac River Lumber Company v. Mrs. N. Payne.

Decided November 1, 1909.

**1.—Time Checks—Payment in Merchandise.**

Nonnegotiable time checks issued by an employer to its employees with the verbal but express understanding that they were payable only in merchandise, are not collectible in money either by the employee to whom issued or by his assignee, unless payment in merchandise had been demanded and the demand wrongfully refused.

**2.—Same—Evidence—Charge.**

In a suit upon time checks by an assignee thereof, evidence considered and held to raise an issue of fact which should have been submitted to the jury as to whether or not said checks were issued by the employer with the understanding and agreement on the part of the employees to whom issued that said checks were payable only in merchandise.

**3.—Same—Ownership—Proof.**

One suing upon nonnegotiable time checks must prove that he has acquired the right and title of the original owner; mere possession does not raise a presumption of ownership.

**4.—Same—Unconstitutional Act.**

The Act of the Twenty-ninth Legislature (Gen. Laws 1905, page 372) prohibiting employers from issuing time checks to their employees payable in merchandise, has been declared unconstitutional.

Appeal from the District Court of Nacogdoches County. Tried below before Hon. James I. Perkins.

*June C. Harris* and *Ingraham, Middlebrook & Hodges,* for appellant.—A promise to pay in merchandise upon demand must be presented and payment asked for in merchandise and payment refused, before any money liability exists or is created. Rush Bros. v. Haggard, 68 Texas, 674; Rev. Stats., art. 309; Griffeth v. Hanks, 46 Texas, 217; Robinson v. Texas Pine Land Ass'n., 40 S. W., 620; Kelley v. Webb, 27 Texas, 368.

The possession of a check that has numbers and a man's name on it only, and which the evidence shows was payable in merchandise and is not negotiable, is no proof of title to the check; the title to the same has to be shown by other evidence. Merlin v. Manning, 2 Texas, 352; Ross v. Smith, 19 Texas, 172; Merrill v. Smith, 22 Texas, 53; Ball v. Hill, 38 Texas, 241; Robinson v. Texas Pine Land Ass'n, 40 S. W., 620; Kelly v. Webb, 27 Texas, 368.

A purchaser of such checks as were offered in evidence in this cause takes them subject to all equities and discounts existing between two original parties. Rev. Stats., art. 309; Swearingen v. Buckley, 1 Posey's Unrep. Cases, 429; Robinson v. Texas Pine Land Ass'n, 40 S. W., 620.

*King & King* and *C. D. Mims,* for appellee.—Checks issued by a corporation bearing only a number and the signature of its president, and which the evidence shows were so issued and delivered by such corporation to its employes for labor performed or to be performed by

them, and that the numbers on such checks indicated that amount of cents in money, were unconditional promises by such corporation to pay the bearers on demand the amounts of money equal in cents to the number on such checks, and when so issued by such corporation are negotiable by delivery alone. —— Am. & Eng. Ency. Law, 1035.

A non-negotiable instrument may be assigned or transferred, and the holder thereof may maintain an action thereon against the maker, subject to such defenses only as could be made against the original holder. Rev. Stats., arts. 308, 309; Ablowich v. Greenville Nat'l Bank, 22 Texas Civ. App., 272; Houston & T. C. Ry. Co. v. Cluck, 31 Texas Civ. App., 211; Seastrunk v. Pioneer Saving Co., 34 S. W., 467; Koeningheim v. Randolph, 1 Texas App. Civ., 420.

An assignment or transfer of a debt evidenced by a non-negotiable instrument may be made by parol. Rev. Stats., art. 313; Ross v. Smith, 19 Texas, 173; White v. Downes, 40 Texas, 232.

In an action by an assignee upon a non-negotiable instrument, he need not aver and prove himself assignee for value. Knight v. Holloman, 6 Texas, 162; Tolbert v. McBride, 75 Texas, 95.


PLEASANTS, Chief Justice.—This suit was brought by appellee against appellant to recover the sum of $738.65, the aggregate amount of certain time checks issued by the appellant to various of its employes and claimed to be owned by appellee.

In addition to general and special exceptions and general denial, the defendant's answer contains the following special pleas:

"Further answering herein, defendant denies that it ever at any time issued any time checks which were given for labor performed by its employes to be redeemed in cash or payable to any one, except in this, that defendant has heretofore, for the convenience and accommodation of its employes issued a time check, some of which have been delivered to defendant's employes before their wages were due for the special and peculiar benefit and accommodation of its said employes, and with the specific agreement and understanding in each instance that said checks were issued and delivered to said employes for the special accommodation of the employe to whom they were delivered; that said checks were non-transferable, and were delivered by the defendant and accepted by the employe conditioned that such employe so receiving said checks would use them for the purpose of purchasing merchandise at defendant's store located near its mill at Mayo in Nacogdoches County, Texas, and that said checks were not redeemable in money. Defendant says that the average profit made upon merchandise sold out of its said store to its employes is twenty-five percent, and that the value of said checks is not more than seventy-five cents on the dollar.

"The defendant did issue checks such as are described in plaintiff's petition with an agreement with such party to whom issued that they would not transfer them to any one, that they were only payable in merchandise at the commissary store of defendant, and were nothing but orders for merchandise at the prices the same was sold at the commissary of this defendant, and were not payable in money; that they were only issued as emergency matter and to avoid to some extent keeping an elaborate set of books and accounts with each man to

whom issued, and the said merchandise was sold at a profit of twenty percent, and no demand has been made for the payment of said checks in merchandise of this defendant, who was at all times and now is ready to pay them off at its commissary with merchandise at its selling price at its commissary, and the same would thus be paid there on presentation upon proof of ownership of the holder, and these facts it is ready to verify."

The trial in the court below was with a jury, and under peremptory instructions by the court a verdict was returned in favor of the plaintiff for amount claimed by her, and judgment was rendered in accordance with such verdict.

The record does not contain a copy of any of the checks upon which the suit was brought and the description of said checks shown by the evidence is very meager. It only appears that the checks were numbered 5, 10, 25, 50 or 100, and were issued by the appellant. It does not appear that said checks show on their face to whom they were issued, or show that in issuing them appellant became liable to any one in any amount. The evidence does show, however, that the number of the check was intended to show the number of cents in which appellant was indebted to the person to whom they were issued for labor performed for appellant, and there was testimony tending to show that the appellant in issuing said check intended to and did obligate itself to pay to the person to whom they were issued the number of cents shown by the number of said check.

The evidence offered by the appellant was to the effect that it only issued checks of the kind sued on by appellee at request of its employes and with the distinct understanding and agreement on the part of the employe to whom any such check might be issued that the check was redeemable only in merchandise, and unless such check was presented at appellant's store and offered in exchange for merchandise appellant was under no obligation to redeem it. Appellant's testimony upon this issue is as follows:

S. F. Carter, for defendant, testified: "We just issue these checks for the convenience of the employes and book-keepers; when they would want something out of the store and had no money we would issue them a check and they would buy something out of the store with the check. Any one that wanted something out of the store we would issue them a check, but he had to buy out of the store and with that check. It was with that understanding that we issued the checks to the men. Sometimes we would accommodate a man that had done no work yet and was wanting something out of the store; we would issue him a check so he could get something to live on until he could get to work and got in some time. We only did this for accommodation, however, but did it quite often. When we would issue a man a check that had in no time we would just charge him with it, and as soon as he had worked some would fix that up again. He would have to get merchandise with his check. We made eighteen or twenty percent net on our merchandise. We did not give checks for cash at all, but so the men could purchase merchandise. We were advised by our attorney not to put "merchandise" on the checks. If a man was working at $1 per day, if he wanted it at night I would give him a $1

check; we had a pay day—Saturday after the 15th of each month. Our hands all worked under this. If a man would draw his checks every night and spend only fifteen of them during the month, we would not give $15 in cash for fifteen number 100 checks. We did not issue checks only for men who wanted to trade out of the store; that was the only purpose they were issued for, and that was the understanding with the men."

H. M. Carter testified: "I am superintendent of defendant; know Mr. Atkinson, have cashed small checks for him—not many times. I told him I would not cash any more unless discounted ten percent. I told the men they would have to discount the checks ten percent. Atkinson told me he would get every one of the damned things he could, and we stopped issuing them. I cashed some to avoid a lawsuit. Everyone else was willing to the discount. Mr. Skeeters and Mr. Phillips was, I do not remember who else; the peddlers were. The checks were issued solely for the convenience of the employes of the mill. When those laborers would get the checks and go outside of the store with them we would discount the man that finally brought them in ten percent. Any man who brought them in would have to accept a discount of ten percent."

There was no evidence that the persons from whom appellee obtained the checks were those to whom they were originally issued or had acquired the title of those to whom they were issued.

Under this state of the evidence the trial court should not have instructed a verdict for the plaintiff, and the assignment of error complaining of such instruction must be sustained.

It is clear that the evidence above set out would authorize a finding by the jury that the checks sued on were issued by appellant with the understanding and agreement on the part of the employes to whom they were issued that such checks were payable only in merchandise. If this is true, it is well settled that neither the employes to whom the checks were issued nor their assignee could recover in money the amount specified in the checks, unless demand had been made for their payment in merchandise and such demand refused by appellant. The privilege of the appellant to discharge the obligation in merchandise was not lost until demand had been made therefor, the obligation not being payable on a day certain, but on demand of the payee. (Baker v. Todd, 6 Texas, 273; Hopkins v. Seymour, 10 Texas, 201; Short v. Abernathy, 42 Texas, 94.)

The checks in question having none of the essential qualities of a negotiable instrument payable to bearer, the mere possession of them by the appellee raises no presumption that she is entitled to the rights of the person to whom they were issued. The evidence failed to show that appellee had acquired the right and title of the original owner of said checks, and therefore fails to show that she was entitled to recover thereon. (Rush Bros. v. Haggard, 68 Texas, 674; Griffeth v. Hanks, 46 Texas, 212; Robinson v. Texas Pine Land Ass'n, 40 S. W., 620.)

The Act of the Legislature prohibiting employers from issuing time checks to their employes payable in merchandise was declared unconstitutional by the Court of Criminal Appeals in the case of Jordan v.

State, 51 Texas Crim. Rep., 521, and the rights of the parties to this suit are therefore not affected by that Act.

For the reasons above given the judgment of the court below must be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*