### In re SPOT CASH HOOPER CO.

(District Court, W. D. Texas, Waco Division. July 20, 1911.)

#### No. 660.

BANKRUPTCY (§ 314*)—CLAIMS—NATURE AND CHARACTER—TRADE CERTIFICATES.

A bankrupt corporation, having been originally capitalized for $10,000 and desiring to increase its capital, abandoned the scheme to increase the stock, and in lieu thereof voted to issue trade certificates to the amount of $10,000, certifying that the owner had deposited with the corporation a specified amount of money entitling him to purchase goods from the corporation at a profit not to exceed 10 per cent., the certificate to be

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

taken into account in declaring dividends, and the holder to receive for the use of the amount specified an amount annually equal to the dividend declared, based on $20,000 and paid on account of stock certificates, a dividend of at least 8 per cent. being guaranteed, and that at the end of two years the certificate was payable in merchandise on demand of the holder after 30 days' notice. *Held* that, under Rev. St. Tex. 1895, art. 653, conferring on private corporations the right to borrow money on the corporation's credit, not exceeding its authorized capital, and to execute bonds or notes therefor, such trade certificates should be regarded as debts of the corporation, provable under Bankr. Act July 1, 1898, c. 541, § 63, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3447), and not stock.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 314.*]

In the matter of bankruptcy proceedings of the Spot Cash Hooper Company. On certified question as to the nature of an obligation evidenced by certain trade certificates. Referee's determination, refusing to allow such certificate as a debt, reversed.

J. J. Mitchell, claiming to be a creditor of the bankrupt, Spot Cash Hooper Company, proved, and submitted for allowance to the referee, a claim based upon the following paper, denominated upon its face "Trade Certificate":

"Trade Certificate.

"Incorporated under the Laws of the State of Texas.
"No. 2.                                                              $100.00

"Spot Cash Hooper Company, Incorporated, of Hillsboro, Texas.

"Capital Stock,                    $10,000.
"Trade Certificates Issued, $10,000.

"This certifies that J. J. Mitchell has deposited with Spot Cash Hooper Company $100.00, which entitles him or the holder thereof to purchase goods from said corporation at a profit not to exceed 10 per cent. This certificate shall be taken into account in declaring dividends, and the holder shall receive for the use of said sum of $100.00 an amount annually equal to the dividend declared, based on $20,000 and paid on account of stock certificates; the holder being guaranteed to receive at least 8 per cent. per annum of said sum of $100.00. After the end of two years this certificate is payable in merchandise on demand of holder after 30 days notice.

"[Signed]  Spot Cash Hooper Company,
"By W. Finch, President.

"Attest:
"W. C. Hooper, Sec. & Treas."

The claim was contested by the trustee on the ground that it was not a debt against the estate, and, in the language of the referee, "the construction of this instrument is the only question involved in this case." It appears from the record that the bankrupt is a corporation, originally organized with a capital stock of $10,000. In December, 1909, the officers held a meeting to provide for the increase of the stock from $10,000 to $20,000. Subsequently, in January, 1910, another meeting was held, at which it was decided to abandon the purpose to increase the stock, and in lieu thereof the meeting voted to issue the trade certificates above described. The face of the certificates expresses the agreement of the parties. It further appears that several of the trade certificates were issued; one to the protesting creditor, Mitchell. The referee held that the claim was not provable, and disallowed it. The question is here upon a petition for review.

Vaughan & Hart, for creditor.

MAXEY, District Judge (after stating the facts as above). By article 653 of the Revised Statutes of Texas of 1895 express authority is conferred upon private corporations to borrow money on the credit

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the corporation, not exceeding its authorized capital stock, and to execute bonds or promissory notes therefor, and to pledge the property and income of the corporation. In the present case Mitchell advanced to the bankrupt $100, and as evidence of the indebtedness the latter issued to him the trade certificate described in the statement of the case. This paper is not a stock certificate, since all the original stock had been subscribed, and the plan to increase the capital stock had been abandoned. Indeed, the instrument does not purport to be a certificate entitling the holder to shares of stock in the corporation. It is equally apparent that the certificate is not a promissory note, negotiable by the law merchant. It does, however, evidence an indebtedness due by the bankrupt to Mitchell, and guarantees the payment of at least 8 per cent. per annum for the use of the money, which is merely the equivalent of a guaranty of interest at the rate mentioned on the amount of money borrowed. The fact that the certificate is payable in merchandise, after the end of two years, on the demand of the holder, in no way detracts from its value as an obligation to pay. See Baker v. Todd, 6 Tex. 274, 55 Am. Dec. 775; Dumas v. Hardwick, 19 Tex. 239; Short v. Abernathy, 42 Tex. 94; Bummel v. City of Houston, 68 Tex. 10, 2 S. W. 740.

In the judgment of the court the claim of Mitchell is founded upon an express contract, the liability is fixed, and the amount was absolutely owing when the petition in bankruptcy was filed. The debt is, therefore, under section 63 of the bankruptcy act, a provable claim. It follows that the order of the referee, disallowing it, should be reversed. The cause will be referred back to the referee, with directions to allow the claim of Mitchell, the same to be paid in due course of administration of the estate.

So ordered.