PATTERSON et al. v. KIRKPATRICK et al.
(No. 1589.)

(Court of Civil Appeals of Texas. Texarkana. March 15, 1916. Rehearing Denied March 23, 1916.)

1. BROKERS ⟨⟩78 — REAL ESTATE BROKERS —RIGHT TO COMMISSION IN MONEY.

Where landowners, employing realty brokers to sell their property, contracted to pay such brokers a commission in cash if they secured a purchaser for cash, and in the purchase-money notes if the sale should be on credit, and such brokers sold for notes, which the landowners thereafter sold to a third person, such sale, though the owners intended to repurchase the notes and deliver them to the brokers, rendered the owners liable in assumpsit for the brokers' commission in money, since, where a debtor fails to abide a stipulation to deliver a specific article, the neglect or omission operates to make the original promise to pay compensation an absolute engagement for the payment of money.

[Ed. Note.—For other cases, see Brokers. Cent. Dig. § 99; Dec. Dig. ⟨⟩78.]

2. BROKERS ⟨⟩89—REAL ESTATE BROKERS— RIGHT TO COMMISSION IN MONEY.

Realty brokers, who contracted with landowners to sell for a commission payable in the purchase-money notes if such were taken, to whom the landowners, after sale on credit, tendered the commission in notes, which were refused, were not entitled to recover a money judgment for commission.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 130; Dec. Dig. ⟨⟩89.]

Appeal from Hill County Court; J. D. Stephenson, Judge.

Suit by T. B. Patterson and others against Lee Kirkpatrick and others. From a judgment for defendants, plaintiffs appeal. Judgment reversed and rendered for plaintiffs.

The appellants, real estate brokers, sued the appellees to recover reasonable commissions for services rendered in effecting the sale and exchange of two tracts of land. The appellees pleaded, as material to state, that it was agreed and understood "that any commission earned or received by the plaintiffs upon said transaction would be collected out of the proceeds of the notes received in the transaction, and that defendants have

never denied the plaintiffs' right to collect their commission out of said notes, but deny any agreement to pay them any commission, or obligate themselves to do so, in any other way." The appellants, by supplemental petition, averred that appellees had sold and disposed of the notes received as a part of the consideration for the exchange of the lands, and were estopped from now claiming and asserting that they are not liable in money for the commissions. Appellees made reply that they had tendered and offered to deliver the notes to appellants in discharge of the debt, and that they had refused them; and that thereafter appellants had disposed of them, but were able to secure their return and deliver and transfer them in furtherance of the agreement.

The evidence establishes that appellees listed two separate tracts of land with appellants Patterson, Deal & Turk for sale or trade, and that they found a separate purchaser for each tract. The land did not sell for cash. The purchasers assumed the mortgage indebtedness then against the land, and executed notes for the difference, except in the 91-acre tract there was also paid $100 cash. According to the evidence of appellants, they were to be paid for their services a reasonable commission in cash, and appellees had paid them only $20. Appellants testified, and it was not disputed, that a reasonable commission on the 199½-acre tract was $693, and a reasonable commission on the 91-acre tract was $295.75, less the $20 paid. The appellees did not dispute the fact that appellants rendered the services in disposing of the land, but claimed that the agreement respecting compensation was:

"If the land sold for money, we would pay the commission in money; if it sold on credit, they (appellants) would have to take part of the notes which we received in payment of the land."

The jury made the findings, on special issues, that appellees agreed to pay appellants a reasonable commission "out of the proceeds of sale if by notes commission in said notes," and that the aggregate amount of $968.75 as claimed by appellants was a reasonable amount. It appears that appellees tendered and offered to deliver to the appellants part of the notes obtained on each tract as payment of the debt owing them, but that the appellants refused to accept same. After appellants refused or declined to take the notes as pay, the appellees, according to the undisputed evidence, sold to a third person the notes obtained on the sale of the 199½-acre tract. It does not appear that the appellants have sold and do not own the notes obtained on the sale of the 91-acre tract. It does not appear whether or not the land notes, or any of them, are due and payable. The sale of the 91-acre tract was a separate and distinct transaction, it appears, from the sale of the 199½-acre tract.

The court rendered judgment on the verdict in favor of appellees.

Wear & Frazier, of Hillsboro, for appellants. Morrow & Morrow, of Hillsboro, for appellees.

LEVY, J. (after stating the facts as above). [1] According to the evidence, the only controversy between the parties was respecting the mode of payment of the commissions earned by appellants in effecting the sale. The jury made the finding that it was the understanding of the parties that appellees might make payment of the compensation for the services of appellants in notes obtained as consideration for the sale of the lands. And the evidence conclusively, even admittedly, shows that appellees had sold and delivered to a third person all the notes obtained from the sale of the 199½-acre tract. The fact of the sale by appellees of the notes mentioned has the legal effect attaching, it is believed, of making the contract of the parties, respecting the sale of the 199½-acre tract, payable in money. It is the rule that, where the debtor fails to abide the stipulation to deliver the specific article, the neglect or omission operates to make the original promise to pay compensation an absolute engagement for the payment of money. Baker v. Todd, 6 Tex. 274, 55 Am. Dec. 775; Chevallier v. Burford, 1 Tex. 503; Deel v. Berry, 21 Tex. 463, 73 Am. Dec. 236; Ward & Martin v. Lattimer et al., 2 Tex. 245; Grant v. Burleson et al., 38 Tex. 214; Short v. Abernathy, 42 Tex. 94; Roberts v. Beatty, 2 Pen. & W. (Pa.) 63, 21 Am. Dec. 410. And upon the fact of sale of the notes being a legal default the appellants were entitled to demand money and receive it on their petition in assumpsit for services rendered. The purpose and intention of appellees to repurchase the notes and deliver them to appellants would not avail as a defense against a moneyed judgment, for by the sale appellees lost the right to make payment in notes, and such right would not be restored except by express consent of appellants.

[2] It not appearing, though, that appellees have sold the notes obtained for the 91-acre tract, and it appearing, as it does, that they have tendered them on the compensation owning for that particular sale, the right of appellees to pay such demand in notes and not money would continue, and consequently appellants would not be entitled to recover a moneyed judgment in this case for the sale of the 91-acre tract.

The judgment is reversed and here rendered in favor of appellants for $693, and this judgment to be without prejudice to enforce rights if legally necessary, respecting the agreement for compensation for sale of the 91-acre tract. The appellees will pay all costs.