PHIL POLLACK, Appellant, v. NATIONAL BANK OF COMMERCE IN ST. LOUIS, Respondent.

St. Louis Court of Appeals, December 3, 1912.

1. **BANKS AND BANKING: Checks: Time for Payment: Negotiable Instruments.** A check is payable on demand, and if nothing more appears, the bank on which it is drawn must either pay or reject it on presentment.

2. ———: ———: ———: **Extending Time by Agreement: Custom: Negotiable Instruments.** A depositor who presents a check for deposit drawn by another depositor may make a valid agreement with the bank that payment shall be deferred

for a reasonable time, until the bank can ascertain whether or not there are sufficient funds of the drawer in its hands to pay it; and such an agreement may be established from a custom to that effect, which was well known to both parties and obtained in good faith throughout an extended course of dealing between them.

3. ———: **Deposit of Checks: Right of Bank to Charge Back Worthless Checks: Custom: Negotiable Instruments.** Where a· depositor of a bank presented to it, for deposit, a check drawn by another depositor, with knowledge of a custom of the bank to give the depositor credit for checks deposited, subject to the right of the bank to reject the deposit and charge the amount back to the depositor at any time during the same day, if it discovers that the drawer of the check has not sufficient funds on hand to pay it, the depositor was estopped from asserting that the bank, after giving him credit for the deposit, could not, on the same day, on finding insufficient funds to pay the check, charge his account with the amount thereof.

Appeal ·from St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

AFFIRMED.

*Geo. E. Smith* and *Phil Pollack* for appellant.

(1) Where a check drawn upon a bank is presented to it by the holder, for deposit to his credit, and the amount is credited to the holder, the legal effect is precisely the same thing as though the money were first paid out to him, and then by him deposited in the bank.

It is the right of the bank to refuse to pay it, or it may reject it conditionally, but if it accepts the check as valid, and pays out the money (or what, as some authorities hold, is the same thing, credits it to the holder's account), it cannot at any time thereafter, even on the same day, return the check on discovering that there were no funds to meet it and cancel the transaction, for the collection is then treated as accomplished.  2 Daniel Neg. Insts., p. 648, sec. 1621;

Bank v. Burkhardt, 100 U. S. 686; Bank v. Miller, 185 Fed. 338; Oddie v. Bank, 45 N. Y. 735; Bank v. Lloyd, 90 N. Y. 530; Cragie v. Hadley, 99 N. Y. 131; Bryan v. Bank, 205 Pa. St. 7; Bank v. Burns, 68 Ala. 267; Wasson v. Lamb, 120 Ind. 514; Bank v. Gregg, 138 Ill. 596; Kirkham v. Bank, 165 N. Y. 132; Hoffman v. Bank, 46 N. J. L. 604; Terhune v. Bank, 34 N. J. Eq. 367; Bartley v. State, 53 Neb. 338; Roofing Co. v. Mitchell, 117 Ga. 772; Billingsly v. Pollack, 69 Miss. 759; Bank v. Devenish, 15 Colo. App. 229; Cavanaugh v. Bank, 59 Mo. App. 547; Noble v. Doughten, 72 Kan. 336; Aebi v. Bank, 124 Wis. 73; Bank v. Fuel Co., 58 Minn. 141. (2) Our own courts observe the distinction between a general deposit of paper credited as cash on the books of the bank and a special deposit received for collection. In the first instance the title passes to the bank, and the depositor may draw against it at once as so much cash. Handley v. Refinery Co., 106 Mo. App. 20; Cavanaugh v. Bank, 59 Mo. App. 547; Ayres v. Bank, 79 Mo. 421; Bullene v. Coates, Idem, 426; Flamery v. Coates, 80 Mo. 444. (3) The supposed custom pleaded by defendant as existing among the banks of St. Louis is illegal and void. Of the custom of banks to present the checks of other banks in the same place through the clearing house for collection, this court says: "In this case the check was duly presented at the proper (bank) counter, and nothing more could be required to fix the liability of the drawer. It may be added that a custom, however well established, can never operate to discharge a liability which the law has created. It may operate the relinquishment of a right, because that is within the competency of the party who by bringing himself within the custom is understood to consent to the relinquishment." Kleekamp v. Meyer, 5 Mo. App. 448; See, also, Bank v. Bank, 151 Mo. 331; Cotton Press Co. v. Starard, 44 Mo. 82; Ober v. Carson, 62 Mo. 214; Martin v. Mill Co., 49 Mo. App. 30.

Pollack v. Bank of Commerce.

*Edward D'Arcy* for respondent.

(1) Checks deposited with a bank and credited in the depositor's pass book, are taken, in the absence of special agreement, for collection and not as cash, and may be afterward returned and the credit annulled if there are no funds to meet them; and this is so whether the check is drawn on the same bank or another. Bank & Trust Co. v. McDonald, 51 Cal. 64; Peterson v. Bank, 52 Pa. St. 206; Boyd v. Emerson, 2 Ad. and El. 184; Kilsby v. Williams, 5 Barn. and Ald. 815; Morse on Banks and Banking, pp. 320, 321; Overman v. Bank, 31 N. J. L. 565; Rapp v. Bank, 136 Pa. St. 426. (2) The entry of a deposit in a pass book to the credit of the depositor (and apparently even where the entry is afterward made on the bank's books) is in the nature of a receipt, and is prima facie evidence that the bank has received the amount from the depositor and entered it to his credit. But it is not a contract to pay money, being but a receipt, and like any other receipt it is open to explanation *aliunde*. Quattrochi Brothers v. Bank, 89 Mo. App. 500. (3) The taking by a bank of a check on deposit is analogous to taking it through the clearing house, in which case it is held, unanimously we believe, that where the drawee bank receives a check through the clearing house, and enters it upon its journal to the credit of the payee bank, the check being afterward rejected and returned to the payee, and the entry annulled and the check charged back to the payee, within the time prescribed by the clearing house rules, such action does not constitute payment of the check, the filing and entry of the check being a mere conditional acceptance, subject to the right of the bank to annul the entry and return the check within the prescribed time. Bank v. Bank, 118 P. St. 309; 2 Daniel Neg. Inst. (5 Ed.) 650, n. 34. (4) The general usage of all or a majority of the banks in a place, town, city, or county,

is held to be known to all in the community, and all who, though dealing elsewhere, enter into transactions which they must be presumed as men of ordinary foresight, to know will involve a dealing with or through the banks of such place. 1 Morse Banks and Banking (4 Ed.), sec. 9, p. 30; Mills v. Bank, 11 Wheat. (U. S.) 431; 1 Dan. Neg. Inst., sec. 662; Lawson, Usages & Customs, p. 53; Landa v. Bank, 118 Mo. App. 366.

NORTONI, J.—This is a suit to recover the amount of a deposit made by plaintiff in defendant bank. Upon the court overruling a demurrer to defendant's answer, plaintiff declined to proceed further and suffered a judgment of dismissal to go against him. From this judgment he prosecutes the appeal.

It is alleged in the petition that on September 30, 1910, and for a long time prior thereto, plaintiff was a depositor in the defendant bank, the National Bank of Commerce in St. Louis; that on said day he indorsed and deposited in defendant bank a check on said bank drawn by the Noonan Real Estate Company to his order, directing it to pay him $427.12; that the defendant bank received the check and entered the amount therefor in his pass book as a deposit and stamped the check with the receiving stamp, marked it ''O. Z.,'' and passed it to its bookkeeper, who thereupon entered the same to his credit in the books of the bank; that on the next day defendant requested plaintiff to reimburse it for the amount of the check, as the drawer thereof, Noonan Real Estate Company, did not have sufficient funds in the defendant bank to cover the same, and that this the plaintiff refused to do. Thereupon defendant, against plaintiff's objection, wrongfully charged plaintiff's account with said sum of $427.12. On this state of facts, plaintiff seeks judgment on the theory that defendant bank became his debtor upon receiving the check and crediting it in his

pass book and the books of the bank as though the same were a cash transaction.

Defendant bank, by its answer, denies that the demand for reimbursement and the charging back were made on the day following the alleged deposit, but admits that both plaintiff and the Noonan Real Estate Company, drawer of the check, were its customers and had for a long time theretofore each kept checking accounts therewith. It further pleads that there then was and for many years theretofore had been a usage and custom in the defendant bank and in all of the banks of the city of St. Louis, which is and was well known by their depositors and to plaintiff Pollack, to the effect that, notwithstanding checks may be received by the bank and credited in the pass book of the customer and the books of the bank upon presentation, whether drawn on that or any other bank, the transaction is in every instance subject to the right of the bank to reject the deposit and charge the amount back to the depositor at any time during the same day if the bank discovers the drawer of the check has not sufficient funds on deposit to pay the same. In other words, it is alleged in the answer that all transactions of this character are had between the bank and its customers subject to this custom and usage which obtains in defendant bank and in all of the banks of the city of St. Louis and is and was at the time well known to depositors of each bank and is and was at the time well known to plaintiff. The answer further sets forth that the Noonan Real Estate Company was without funds on deposit in defendant bank at the time of the presentment of the check and that this fact was discovered during the same day; that, upon the discovery of the want of funds of the drawer of the check, the bank immediately notified plaintiff thereof and charged the amount of the check back to him under the custom and usage above mentioned.

Plaintiff interposed a demurrer to that portion of defendant's answer setting forth the custom and usage referred to, on the theory that, though such custom and usage obtained and notwithstanding his knowledge of the fact at the time the deposit was made, it constituted no defense at law. The court entertained a different view of the question, however, and overruled the demurrer as if such custom or usage so known to plaintiff at and before the time of the transaction justified the course of the bank in charging the amount of the check back to plaintiff during the same day.

It is argued defendant ought not to be permitted to introduce evidence tending to prove such custom and usage and plaintiff's knowledge thereof, for the reason that, if established in the proof, such custom or usage would infringe the law of commercial paper, which renders checks payable on demand. No one can doubt the essential characteristic of a check is that it shall be instantly payable on demand. In this respect a check is distinguishable from a bill of exchange, for the drawee of a bill is entitled to a reasonable time— at least one day—to determine whether he will pay or accept it. But as before said, a check is payable on demand, and, if nothing more appears, the bank upon which it is drawn should either pay or reject it upon presentment. [See Morse, Banks and Banking (4 Ed.), sec. 369; Chitty on Bills and Notes (11 Ed.), sec. 1, chap. 21, p. 353; 2 Daniel, Negotiable Instruments (5 Ed.), sec. 1566; McIntosh v. Lytle, 26 Minn. 336; State v. Vincent, 91 Mo. 662, 666, 667, 4 S. W. 430.]

But be this as it may, no one will contend for a moment that it is not within the province of the depositor presenting the check and the bank on which the check is drawn to expressly agree that the payment shall be deferred for a reasonable time, until the bank may ascertain whether or not there are sufficient funds of the drawer of the check in its hands to pay it. Such an agreement, instead of operating an infringement

of the established rule of law above stated, amounts to no more than a reasonable modification of its application in the interests of justice. If it were competent for the parties to thus expressly agree with respect to the matter, it would seem to be competent, too, for them to tacitly do so under the established custom well known to both which obtained in good faith throughout an extended course of dealing. It is unnecessary to determine the force and effect of the usage or custom set forth, generally speaking, for the allegation of the answer is that plaintiff well knew it. The precise question with which the court is concerned and in judgment here, therefore, is this custom and usage which was well known to plaintiff and necessarily acted upon by him in dealing with the bank. If, at the time the check was presented, plaintiff knew of this custom, as alleged in the answer, and notwithstanding presented the check for deposit in the usual course, it would seem that the precepts of natural justice alone suggest that he should be bound thereby as if an express agreement to that effect were entered into, for, otherwise, grievous loss might be entailed upon the bank dealing with him on the faith of the usage and his knowledge of it. In such circumstances, the principle of estoppel intervenes to preclude plaintiff and save harmless the bank dealing with him in the utmost good faith, and this is true though the check presented for deposit is drawn upon the same or depositary bank as is the case here.

Touching the question of an express agreement or usage in such cases, Mr. Morse, in his work on Banks and Banking (4 Ed.), Vol. 2, sec. 569, says as follows:

"When a check is presented for deposit drawn on the depositary bank, the bank may refuse to pay it, or take it *conditionally by express agreement,* or by usage, if such a one exists, as in California; but otherwise, if it pays the money, or gives credit to the de-

positor, the transaction is closed between the bank and the depositor, unless the paper proves not to be genuine, or there is fraud on the part of the depositor. The giving of credit is practically and legally the same as paying the money to the depositor, and receiving the cash again on deposit. *The intent of the parties must govern*, and presenting a check on the bank, with a pass book in which the receiving teller notes the amount of the check, is sufficient indication of intent to deposit, and to receive as cash.'' (The italics are our own.) [See, also, State v. Salmon, 216 Mo. 466, 522, 523, 115 S. W. 1106.]

From what is said by Mr. Morse, it is obvious that an express agreement between the parties should prevail and that the *intent* of the parties must govern in every instance. As before said, it is unnecessary to rule here with respect to a general custom in the banks of St. Louis, for the case presents more than that, in that the answer avers plaintiff was fully informed as to such custom. This being true, the matter of the intention of the parties is one for the jury to determine, and if it were found as a fact that plaintiff knew of the custom at the time the check was presented for deposit, it is competent to find, too, from this fact that an agreement accordingly equivalent to an express one existed between the parties at the time. Touching this matter, the answer tendered a question of fact, which, if established, would constitute a valid defense, and the demurrer was properly overruled.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.*, and *Caulfield, J.*, concur.