## TOWNLEY v. EXCHANGE NAT. BANK.

No. 13337—Opinion Filed March 17, 1925.

(Syllabus.)

**Banks and Banking—Deposit of Check—Credit Conditional on Account of Drawer.**

Where the payee of a check deposits same and receives credit on his account in the bank on which it is drawn, and at the time of receiving such credit knew the custom to be that such credit was given on condition the drawer had to his account sufficient funds to meet the check, or should have known thereof, the credit is conditioned by the custom and same may be charged back against the account of the depositor thereunder.

Error from District Court, Tulsa County; Val Jean Biddison, Judge.

Action by Thomas L. Townley against the Exchange National Bank of Tulsa. Judgment for defendant, and plaintiff brings error. Affirmed.

Kleinschmidt & Johnson, for plaintiff in error.

Jno. Y. Murry, Chas. E. Bush, and R. E. Thompson, for defendant in error.

BRANSON, V. C. J. The plaintiff in error, as plaintiff, sued the defendant in error, as defendant, to recover $1,000. His cause of action was, in brief, the outgrowth of a certain check drawn in favor of the plaintiff by E. Westerman. The check was dated January 23, 1920. It seems to have been given as a part payment on an intended purchase of a piece of real estate located in Tulsa, which was never consummated.

The drawer of the check and the payee thereof both carried accounts in the defendant bank. The 21st day of February, 1920, was Saturday, and shortly before noon and at a time when there was a great rush of depositors, the plaintiff with his pass book presented this check to teller No. 5, and the same was credited on his pass book. Monday following, under the statute, was celebrated as a holiday, and Tuesday, the 24th, the plaintiff was formally notified that

the drawer of the check had insufficient funds, and that the check was charged back to the plaintiff. Later, as pleaded, on the 25th of May, plaintiff made formal demand on the bank for $1,000, on the theory that on the deposit of the check the relationship of depositor and creditor arose, which demand was refused, resulting in plaintiff filing the suit.

On accepting a deposit, that the law usually creates the relation of debtor and creditor is not in dispute in this case; and that when such deposit is made in the form of a check drawn upon the bank by another depositor, and there is no want of good faith on the part of the depositor, that the giving to the depositor of credit to the amount of the check precludes the bank from recalling or repudiating the credit: 3 R. C. L. 153; 7 Corpus Juris 635; First National Bank of Cincinnati v. Burkhardt, 100 U. S. 686; City National Bank v. Burns (Ala.) 44 Am. Rep. 138; Woodward v. Savings & Trust Company (N. C.) 100 S. E. 304; American Exchange National Bank v. Gregg (Ill.) 28 N. E. 839; Wasson v. Lamb (Ind.) 6 L. R. A. 191; Pollack v. National Bank of Commerce (Mo.) 151 S. W. 774.

On the strength of the same authorities, we think that it is equally well settled that such acceptance, to constitute this relation of debtor and creditor as set out above, must be an unconditional one, and that where a custom is known to a depositor, or so well established it should be known to him, that such checks are accepted by the bank on condition that an examination of the drawer's account discloses sufficient credit to warrant the payment of the check by the bank, that such conditional acceptance, under said custom, does not create the relation of debtor and creditor until the custom has spent itself, and the bank has had the opportunity to determine whether the check should be honored or charged back against the deposit of the customer.

In the case of Pollack v. National Bank, supra, it was said:

"Where a depositor of a bank presented to it a check for deposit, with knowledge of the custom of the bank to take checks and defer payment for a reasonable time until the bank ascertained whether there were sufficient funds of the drawer to pay it, the depositor was estopped from asserting that the bank giving him credit for the deposit could not, on finding insufficient funds to pay the check, charge the depositor's account with the amount thereof."

That such custom and established usage on the part of the defendant bank, as well as other banks in the city of Tulsa, existed, was known to the plaintiff, or should have been known to him, was the defense pleaded by the bank. The defendant bank further pleaded that on the pass book of the plaintiff, on which he received the credit, was printed:

"Checks on this bank will be credited conditionally. If not found good at the close of the day of deposit, they will be charged back to depositors, and the depositor notified, etc. ***"

That such custom or usage as to such checks obtained was shown by the evidence, not only in the conduct of the business of the defendant bank, but in the other banks of said city. The evidence showed that the drawer, Westerman, on the date said check was presented, had a credit on his account in said bank in a sum less than $10.

It was in testimony that plaintiff returned to the bank after the noon hour, when most of the officers and employes were gone (the bank closing at noon on Saturday), and made inquiry as to whether or not the check deposited in the forenoon was "good", and was advised that Westerman had insufficient money to meet the check, and it would be charged back to the plaintiff's account. Plaintiff's testimony, to the effect that on presenting the check in the forenoon, he was advised by the teller the check was "good", was denied by the teller.

Plaintiff wants to overcome the customs and usage pleaded and established by the lack of knowledge on his part of the same, and in support thereof insists that his testimony establishes that he had no knowledge of such custom and this was not refuted, and demurrer to bank's testimony should have been sustained. He admitted that he may have read the conditional acceptance, the substance of which was printed on his pass book as set out, supra, but stated that he had not signed the declaration of such custom contained on his pass book. It was a question for the jury, both as to the custom and plaintiff's knowledge thereof, and there was sufficient evidence to submit it.

The assignments of error, which plaintiff makes, going to the admission of evidence as to the custom and usage, we think, are without merit, both as to the exceptions taken to the form of questions, and as to its competency as tending to establish the custom or usage pleaded by the defendant. A more serious assignment of error goes to two certain instructions given the jury; the first of which is to the effect that when the bank, on which a check is drawn, accepts

the same for deposit to the account of another customer, it is subject to the right of the bank to charge the same back to the account of the depositor at the close of the business day upon which the check was so deposited, and in said instruction specifically pointing out that in the instant case that the check was not charged back at the close of that business day, and—

"Unless you find there was in existence and known to the plaintiff herein, or so well established, general and uniform, that he must be presumed to act with reference to same the custom and usage set forth in these instructions, then your verdict should be for the plaintiff."

The instruction was indefinite, due, we think, to a confused statement, improperly conditioned, preliminary to the main purpose thereof, which was as set out in the quoted part the extent of the custom to authorize "charging back" the check on a subsequent day. Reading this with the other instructions, it fails to appear that the jury was confused thereby to plaintiff's prejudice.

The other instruction presented as error is to the effect that if the jury found that the plaintiff passed the check to the bank, and at the time inquired of the teller whether the same was "good", and was advised that the check was "good", and credit was entered on the plaintiff's pass book and the ledger of the bank, that the verdict should be for the plaintiff, unless it was found that the custom as pleaded existed, and that the same was either known to the plaintiff or so well established, general, and uniform that it must be presumed that he acted with reference to same, in which latter event the verdict should be for the defendant.

We shall not comment upon the correctness or incorrectness of this instruction, for, in our view, it is unnecessary, and to do so would lead us into a field of discussion as to whether or not a teller could bind the bank by such a question and answer in the absence of prejudice to the depositor, which might draw in equitable jurisdiction. This instruction is in no wise different in effect and reasonable intendment from plaintiff's requested instruction No. 2, the refusal to give which is argued as error here, with this exception: That in the instruction as given, the jury was advised that the custom in issue must be known to the plaintiff, "or so well established, general, and uniform that he must be presumed to have acted with reference to the same." Whereas, in plaintiff's re-

quested instruction No. 2, the plaintiff asked the court to advise the jury that the custom "is not binding upon the plaintiff in this case unless you also find that the plaintiff had knowledge of such custom at the time he deposited the check in controversy herein". If the other part of the instruction given is erroneous, it would have been equally erroneous to have given the requested instruction No. 2, and to that extent must be considered as invited by the plaintiff. The court in giving that part of the instruction, which went to the established custom, raising a presumption that the plaintiff knew thereof, we think, followed the rule as announced in 17 Corpus Juris, page 463, on "Banking", and the cases cited in the footnote thereto, and such part of the instruction based upon said authorities is without error.

Recapitulating, the drawer, Westerman, for practically a month before the presentation of the check, had less than $10 to his credit; the check was dated practically a month before presentation, was presented on Saturday—a "rush day"—along with plaintiff's pass book, on which was printed the above quoted condition on which checks were received; there is testimony that plaintiff returned in the afternoon, made inquiry as to whether the check was "good", and was advised that it was "no good". Formal demand was made for the alleged credit on May 25th, and was refused; suit on the theory that, under the facts, the relation of debtor and creditor between the plaintiff and defendant arose insued; the custom was pleaded as a defense, was submitted to the jury, as we think, under instructions which stated the applicable law. Plaintiff's claim, if any, was purely legal, and technically so. The rules of law creating the relation of debtor and creditor between a depositor and a bank should not be so extended by injudicious judicial remarks as to make such rules, intended for the protection of good faith actors, instrumentalities conducive to fastening fraudulently a claim against a bank where none rightly exists.

The plaintiff, in this case, was a business man—apparently on no small scale. A small amount of transactions at busy banks, such as here, makes it known that there is quite a different practice obtaining in the examination of the records where the cash is demanded on a check and where it is merely submitted for credit to the customer. If the custom pleaded, as to which proof was offered, was either known to the plaintiff or should have been known to him, and

these are questions for the jury, the relation of debtor and creditor arose on the deposit of the check only on condition fixed by the custom.

The judgment of the trial court is affirmed.

NICHOLSON, C. J., and HARRISON, MASON, PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note:—See under (1) 7 C. J. p. 637, § 317 (1926 Anno).